## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement Agreement") is entered into between and among the Class Representatives, all Class Members, and the Defendants.

**1     Article 1 – Recitals**

**1.1**    On August 10, 2016, Plaintiffs Jennifer Sweda, Benjamin A. Wiggins, Robert L. Young, Faith Pickering, Pushkar Sohoni, and Rebecca N. Toner, individually and as representatives of a class of participants and beneficiaries of the University of Pennsylvania Matching Plan filed their complaint in the United States District Court for the Eastern District of Pennsylvania, Case No. 16-4329, Doc. 1. Plaintiffs brought this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA"), alleging that Defendants The University of Pennsylvania and Jack Heuer breached their fiduciary duties relating to the management, operation, and administration of the University of Pennsylvania Matching Plan. Plaintiffs sought to recover all alleged losses resulting from each breach of duty under 29 U.S.C. § 1109(a) and for other equitable and remedial relief.

**1.2**    On November 21, 2016, Plaintiffs amended their complaint, adding the Investment Committee as a Defendant.  Doc. 27.

**1.3**    On September 21, 2017, the district court granted Defendants' motion to dismiss Plaintiffs' amended complaint. Doc. 57. This dismissal was upheld in part and overturned in part on appeal and returned to the district court on May 2, 2019. *Sweda v. Univ. of Penn.*, 923 F.3d 320 (3d Cir. 2019). The Third Circuit mandate issued on August 21, 2019.  Doc. 62.

**1.4**    A Second Amended Complaint was filed on October 18, 2019, which added two additional plans in addition to The University of Pennsylvania Matching Plan— The University of Pennsylvania Supplemental Retirement Annuity Plan and The University of Pennsylvania Basic Plan (all three plans collectively referred to as the "Plans"). Doc. 69. The parties proceeded to merits discovery, exchanging fundamental information related to their claims and defenses in this lawsuit. Among other information, Defendants produced all meeting minutes of the Plans' fiduciaries, materials prepared in connection with those meetings, Plan documents, service provider agreements, fee and performance disclosures, and other materials requested by Class Counsel. The parties took the depositions of six named Plaintiffs and seven University of Pennsylvania affiliated witnesses.

**1.5**    On September 23, 2020, the parties completed briefing for Defendants' Motion to Strike Plaintiffs' Jury Demand.  Doc. 89.

**1.6**    On November 24, 2020, the parties completed briefing for Plaintiffs' Motion to Certify Class.  Doc. 92.

Exhibit A

**1.7**   The parties engaged in extensive discussions related to settlement without the use of a mediator. After four weeks of negotiations, the parties informed the Court that an agreement to settle the case had been reached on November 30, 2020. Doc. 93.

**1.8**   The operative complaint is the Second Amended Complaint filed on October 18, 2019.  Doc. 69.  The current Defendants are University of Pennsylvania, Investment Committee, and Jack Heuer.

**1.9**   The Class Representatives and Class Counsel consider it desirable and in the Class Members' best interests that the claims against Defendants be settled on behalf of the Class Representatives and the Class Members upon the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this Settlement will result in benefits to Class Representatives and the Class Members.

**1.10**  Defendants admit no wrongdoing or liability with respect to any of the allegations or claims in this action. Defendants maintain that they are without fault or liability and are settling the Class Action solely to avoid litigation costs. Defendants contend that the Plans have been managed, operated and administered at all relevant times reasonably and prudently, in the best interest of the Plans and the Plans' participants, and in compliance with ERISA and applicable regulations, including the fiduciary and prohibited transaction provisions of ERISA. This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no event constitute, be construed as, or be deemed evidence of, an admission or concession of fault or liability of any kind by Defendants or any individual named in the Second Amended Complaint and identified in the Settlement Agreement.

**1.11**  The Settling Parties, as defined below, have concluded it is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

**1.12**  Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree to the terms of this Settlement Agreement.

**2   Article 2 – Definitions**

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

**2.1**   "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notices to the Class Members, including but not limited to the fees of the Plans' recordkeeper(s) to identify the names and

addresses of Class Members; (b) related tax expenses (including taxes and tax expenses as described in Paragraph 5.3); (c) all expenses and costs associated with the distribution of funds under the Plan of Allocation, including but not limited to the fees of the Plans' recordkeepers associated with implementing this Settlement Agreement, facilitating the distribution of funds under the Plan of Allocation, and gathering the data necessary to prepare the Plan of Allocation; (d) all fees and expenses of the Independent Fiduciary, Settlement Administrator, and Escrow Agent; and (e) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are Defendants' internal expenses and the Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Gross Settlement Amount.

**2.2** "Active Account" means an individual investment account in the Plans with a balance greater than $0 during the Class Period.

**2.3** "Alternate Payee" means a person other than a participant or Beneficiary in the Plans who is entitled to a benefit under the Plans as a result of a Qualified Domestic Relations Order.

**2.4** "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel and to be provided in the future during the Settlement Period. The amount of attorneys' fees for Class Counsel shall not exceed 33 1/3% of the Gross Settlement Amount (or $4,333,333), which shall be recovered from the Gross Settlement Amount. Class Counsel also will seek reimbursement for all litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, including the pre-litigation investigation period, not to exceed $410,000, which also shall be recovered from the Gross Settlement Amount.

**2.5** "Authorized Former Participant" means a Former Participant who has submitted a completed, satisfactory Former Participant Claim Form with a postmarked date by the Claims Deadline, or electronically submitted the same Form online no later than the Claims Deadline, set by the Court in the Preliminary Order, and whose Former Participant Claim Form is accepted by the Settlement Administrator.

**2.6** "Beneficiary" means a person who currently is entitled to receive a benefit under the Plans upon the death of a plan participant, other than an Alternate Payee. A Beneficiary includes, but is not limited to, a spouse, surviving spouse, domestic partner, or child who currently is entitled to a benefit.

**2.7** "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

Exhibit A

**2.8**   "Claims Deadline" means a date that is no later than ten (10) calendar days before the Fairness Hearing.

**2.9**   "Class Action" means *Sweda v. The University of Pennsylvania, et al.*, Case No. 16-4329, in the United States District Court for the Eastern District of Pennsylvania.

**2.10**   "Class Counsel" means Schlichter, Bogard & Denton LLP, 100 S. Fourth Street, Suite 1200, Saint Louis, Missouri, 63102.

**2.11**   "Class Members" means all individuals in the Settlement Class, including the Class Representatives.

**2.12**   "Class Period" means the period from August 10, 2010 to January 14, 2021.

**2.13**   "Class Representatives" means Jennifer Sweda, Benjamin A. Wiggins, Robert L. Young, Faith Pickering, Pushkar Sohoni, and Rebecca N. Toner.

**2.14**   "Class Representatives' Compensation" means an amount to be determined by the Court, but not to exceed $25,000 for each Class Representative, which shall be paid from the Gross Settlement Amount directly to each Class Representative.

**2.15**   "Court" means the United States District Court for the Eastern District of Pennsylvania.

**2.16**   "Current Participant" means a person who participated in the Plans during the Class Period and had an Active Account.

**2.17**   "Defendants" means The University of Pennsylvania, the Investment Committee, and Jack Heuer.

**2.18**   "Defense Counsel" means counsel for Defendants including Morgan, Lewis & Bockius LLP.

**2.19**   "Escrow Agent" means UMB Bank, or another entity agreed to by the Settling Parties.

**2.20**   "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representatives' Compensation; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23.

**2.21**   "Final Order" means the entry of the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling

Parties for approval by the Court, in substantially the form attached as Exhibit 5 hereto.

**2.22** "Final" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the period after which the Final Order becomes Final is thirty-five (35) calendar days after its entry by the Court.

**2.23** "Former Participant" is a member of the Settlement Class who did not have an Active Account.

**2.24** "Former Participant Claim Form" means the form described generally in Paragraph 3.4.2 and substantially in the form attached as Exhibit 1.

**2.25** "Gross Settlement Amount" means the sum of thirteen million ($13,000,000), contributed to the Qualified Settlement Fund in accordance with Article 5. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. Defendants and their insurers will make no additional payment in connection with the Settlement of the Class Action.

**2.26** "Independent Fiduciary" means an independent fiduciary who will serve as a fiduciary to the Plans to approve and authorize the settlement of Released Claims on behalf of the Plans in accordance with Article 3 that has no relationship or interest in any of the Settling Parties and is mutually agreed to by the Settling Parties.

**2.27** "Investment Committee" means the fiduciary committee responsible for managing and administering the Plans during the Class Period, and its individual members during the Class Period, Jack Heuer, David Harkins, Donald Keim, Stephen Golding, Vicky Mulhern, Susan Sproat, Paul Polichino, Christopher Kops, Mary Francis McCourt, and Jules Van Binsbergen.

**2.28** "Mediator" means Hunter R. Hughes, III, Alternative Dispute Resolution, 1075 Peachtree St., Suite 2550, Atlanta, GA 30309, or if he is unavailable, another mediator mutually agreed upon by the Settling Parties.

**2.29** "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel; (b) all Class Representatives'

Compensation as authorized by the Court; (c) all Administrative Expenses; and (d) a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties that is set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, and (3) an amount estimated for adjustments of data or calculation errors.

**2.30** "Plaintiffs" means the Class Representatives and the Class Members.

**2.31** "Plans" means The University of Pennsylvania Matching Plan, The University of Pennsylvania Supplemental Retirement Annuity Plan, and the University of Pennsylvania Basic Plan.

**2.32** "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount in accordance with Article 6 herein.

**2.33** "Preliminary Order" means the order proposed by the Settling Parties and approved by the Court in connection with the Motion for Entry of the Preliminary Order to be filed by Class Representatives through Class Counsel, as described in Paragraph 3.2 and in substantially the form attached hereto as Exhibit 2.

**2.34** "Protective Orders" means the Protective Order entered by the Court on December 12, 2016 (Doc. 32), and the Supplemental Protective Order entered by the Court on July 20, 2020 (Doc. 82).

**2.35** "Qualified Settlement Fund" or "Settlement Fund" means the interest-bearing settlement fund account to be established and maintained by the Escrow Agent in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

**2.36** "Released Parties" means (a) The University of Pennsylvania, the Investment Committee, Jack Heuer; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan

administrators, recordkeepers, service providers, consultants, and parties-in-interest.

**2.37** "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen, for actions during the Class Period:

**2.37.1** That were asserted in the Class Action, or that arise out of, relate to, or are based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Second Amended Complaint or in any complaint previously filed in the Class Action; or

**2.37.2** That arise out of, relate in any way to, are based on, or have any connection with: (a) the selection, oversight, retention, monitoring, compensation, fees, or performance of the Plans' investment options or service providers; (b) fees, costs, or expenses charged to, paid, or reimbursed by the Plans or any Class Member; (c) disclosures or failures to disclose information regarding the Plans' investment options or service providers; (d) the investment options offered to the Plans' participants; (e) the compensation received by the Plans' service providers; (f) the selection of service providers or the number of recordkeepers to the Plans, including the Plans' use of more than one recordkeeper; (g) the services provided to the Plans or the costs of those services; (h) the payment of compensation based on a percentage of total assets; (i) the Plans' investment structure; (j) the use of Plan-related information by any of the Plans' service providers, including marketing and selling investment and wealth management products to the Plans' participants; or (k) alleged breach of the duty of loyalty, care, prudence, diversification, or any other fiduciary duties or prohibited transactions; or

**2.37.3** That would be barred by *res judicata* based on entry of the Final Order; or

**2.37.4** That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plans or any member of the Settlement Class in accordance with the Plan of Allocation; or

**2.37.5** That relate to the approval by the Independent Fiduciary of the Settlement Agreement, unless brought against the Independent Fiduciary alone.

Exhibit A

**2.37.6** "Released Claims" specifically exclude (a) those claims not related to 2.37.1 – 2.37.4 above; (b) claims of individual denial of benefits from the Plans under 29 U.S.C. § 1132(a)(1)(B) that do not fall within any of the categories identified in Paragraphs 2.37.1 – 2.37.4; (c) labor or employment claims unrelated to the Plan, including by way of example only, claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth in this subpart; and (d) claims arising exclusively from conduct outside the Class Period.

**2.38** "Settlement" or "Settlement Agreement" refers to the agreement embodied in this agreement and its exhibits.

**2.39** "Settlement Administrator" means an independent contractor to be retained by Class Counsel to administer the Settlement and Plan of Allocation.

**2.40** "Settlement Agreement Execution Date" means that date on which the final signature is affixed to this Settlement Agreement.

**2.41** "Settlement Class" means all persons who participated in the Plans at any time during the Class Period, including any Beneficiary of a deceased person who participated in one or more of the Plans at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in one or more of the Plans at any time during the Class Period. Excluded from the Settlement Class are each of the individual members of the Investment Committee during the Class Period.

**2.42** "Settlement Effective Date" means the date on which the Final Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 11.

**2.43** "Settlement Notice" means the Notices of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Order, in substantially the form attached hereto as Exhibits 3 and 4. The Settlement Notice also shall inform Class Members of a Fairness Hearing to be held before the Court, on a date to be determined by the Court, at which any Class Member satisfying the conditions set forth in the Preliminary Order and the Settlement Notice may be heard regarding: (a) the terms of the Settlement Agreement; (b) the petition of Class Counsel for award of Attorneys' Fees and Costs; (c) payment of and reserve for Administrative Expenses; and (d) Class Representatives' Compensation. The Settlement Notice shall inform Former Participants of the

Claims Deadline by which they must file a completed Former Participant Claim Form to be eligible for a distribution in accordance with the Plan of Allocation.

**2.44** "Settlement Period" shall be from the Settlement Effective Date and continuing for a period of three years thereafter.

**2.45** "Settlement Website" means the internet website established in accordance with Paragraph 12.2.

**2.46** "Settling Parties" means the Defendants and the Class Representatives, on behalf of themselves, the Plan, and each of the Class Members.

**2.47** "Zero Account Balance Current Participant" means a Current Participant with an individual investment account in the Plans with a balance equal to or less than $0 as of the date the Settlement Administrator provides the Current Participant information to the Plans' recordkeepers in accordance with Paragraph 6.4.1.

**3     Article 3 – Review and Approval by Independent Fiduciary, Preliminary Settlement Approval, and Notice to the Class**

**3.1** The Independent Fiduciary, agreed to by Class Counsel and Defendants, and retained by Defendants on behalf of the Plan, shall have the following responsibilities, including whether to approve and authorize the settlement of Released Claims on behalf of the Plans.

**3.1.1** The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

**3.1.2** The Independent Fiduciary shall notify Defendants directly of its determination, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than thirty (30) calendar days before the Fairness Hearing.

**3.1.3** All fees and expenses associated with the Independent Fiduciary's determination and performance of its other obligations in connection with the Settlement will constitute Administrative Expenses to be deducted from the Gross Settlement Amount.

**3.1.4** Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

9

**3.1.5**   If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within fifteen (15) calendar days of receipt of the determination, copying Class Counsel.

**3.2**   Class Representatives, through Class Counsel, shall file with the Court motions seeking preliminary approval of this Settlement Agreement and for entry of the Preliminary Order in substantially the form attached hereto as Exhibit 2. The Preliminary Order to be presented to the Court shall, among other things:

**3.2.1**   Grant the motion to certify the class as defined in Paragraph 2.41 for settlement purposes only under Fed. R. Civ. P. 23(b)(1);

**3.2.2**   Approve the text of the Settlement Notice and Former Participant Claim Form for mailing or sending by electronic means to Class Members and Former Participants identified by the Settlement Administrator to notify them (a) of the Fairness Hearing; and (b) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed or electronic notice;

**3.2.3**   Determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable under the circumstances, provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

**3.2.4**   Cause the Settlement Administrator to send by electronic means, or by first-class mail, the Settlement Notice to each Class Member identified by the Settlement Administrator, and the Former Participant Claim Form to each Former Participant identified by the Settlement Administrator, based upon the data provided by the Plans' recordkeepers;

**3.2.5**   Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendants, the Released Parties, or the Plans;

**3.2.6**   Set the Fairness Hearing for no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate; (b) the Court should enter the Final Order; and (c) the Court should approve the

application for Attorneys' Fees and Costs, Class Representatives' Compensation, Administrative Expenses incurred to date, and a reserve for anticipated future Administrative Expenses;

3.2.7   Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel. To be filed validly, the objection and any notice of intent to appear or supporting documents must be filed at least thirty (30) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

3.2.8   Provide that a Settling Party may, but is not required to, serve discovery requests, including requests for documents and notices of deposition not to exceed two (2) hours in length, on any objector within ten (10) calendar days of receipt of the objection, and that any responses to discovery or depositions must be completed within ten (10) calendar days of the discovery request being served on the objector;

3.2.9   Provide that any party may file a response to an objection by a Class Member;

3.2.10  Set a deadline of no later than the date of ten (10) calendar days prior to the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

3.2.11  Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court;

3.2.12  Approve the form of the CAFA Notices attached as Exhibit 6 and order that upon mailing of the CAFA notices, Defendants shall have fulfilled its obligations under CAFA.

3.3   Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that are reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation. The actual and reasonable expenses of any third party, including the Plans' recordkeepers, that are necessary to perform such work shall be Administrative Expenses to be deducted from the Gross Settlement Amount.

11

Exhibit A

**3.3.1**   The Settlement Administrator shall be bound by the Protective Orders and any further non-disclosure or security protocol required by the Settling Parties.

**3.3.2**   The Settlement Administrator shall use the data provided by Defendants and the Plans' recordkeepers solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

**3.3.3**   At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol concerning how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

**3.4**   By the date and in the manner set by the Court in the Preliminary Order or at least 60 days prior to the date of the Final Fairness Hearing, and unless otherwise set forth below, the Settlement Administrator shall:

**3.4.1**   Cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibits 3 and 4 or a form subsequently agreed to by the Settling Parties and approved by the Court. The Settlement Notice shall be sent to the last known e-mail address, or absent a known e-mail address (or where a known e-mail address is determined to be invalid) then mailed by first-class mail to the last-known address, of each Class Member provided by the Plans' recordkeepers (or their designee(s)) through Defense Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by the Plans' recordkeepers (or their designee(s)). Class Counsel also shall post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

**3.4.2**   Cause the Former Participant Claim Form, which shall be in substantially the form attached as Exhibit 1, or a form subsequently agreed to by the Settling Parties and approved the Court, to be included with the Settlement Notice that is sent by electronic means or mailed to the Former Participants.

**3.5**   No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defense Counsel shall serve the CAFA notices in substantially the form attached as Exhibit 6 hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the

attorneys general of all states in which members of the Class reside, as specified by 28 U.S.C. § 1715.

**4   Article 4 – Final Settlement Approval**

**4.1**   No later than ten (10) business days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Order (Exhibit 5) in the form approved by Class Counsel and Defense Counsel, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Order in accordance with this Settlement Agreement. The Final Order as proposed by the Settling Parties shall provide for the following, among other things, as is necessary to carry out the Settlement consistent with applicable law and governing Plan documents:

**4.1.1**   Approval of the Settlement of the Released Claims covered by this Settlement Agreement adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate to the Plans and the Class Members and directing the Settling Parties to take the necessary steps to effectuate the terms of the Settlement Agreement;

**4.1.2**   A determination under Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Settlement Notice constitutes the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members has been provided;

**4.1.3**   Dismissal with prejudice of the Class Action and all Released Claims asserted therein whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or on behalf of the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

**4.1.4**   That the Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) shall be (a) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged the Released Parties from all Released Claims; and (b) barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims. The provisions (a) and (b) shall apply even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members receive a monetary benefit from the Settlement, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed

13

an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed;

**4.1.5**   That each Class Member shall release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

**4.1.6**   That all applicable CAFA requirements have been satisfied;

**4.1.7**   That the Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant in accordance with the Plan of Allocation approved by the Court;

**4.1.8**   That, with respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion, including whether a Former Participant Claim Form should be accepted in the first instance;

**4.1.9**   That, with respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plans, in accordance with applicable law and the governing terms of the Plans; and

**4.1.10**   That within three (3) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

**4.2**   The Final Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon its entry all Settling Parties, the Settlement Class, and the Plans shall be bound by the Settlement Agreement and by the Final Order.

Exhibit A

**5     Article 5 – Establishment of Qualified Settlement Fund**

**5.1**   No later than five (5) business days after entry of the Preliminary Order, the Escrow Agent shall establish an escrow account. The Settling Parties agree that the escrow account is intended to be, and will be, an interest-bearing Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent timely shall make such elections as necessary or advisable to carry out the provisions of this Paragraph 5.1, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

**5.2**   For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent, or the Settlement Administrator on its behalf, shall timely and properly cause to be filed all informational and other tax returns necessary or advisable with respect to the Gross Settlement Amount (including without limitation applying for a Taxpayer Identification Number for the Fund and filing the returns described in Treas. Reg. § 1.468B-2(k)). Such returns as well as the election described in Paragraph 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (as defined in Paragraph 5.3 below) (including any estimated taxes, interest, or penalties) on the income earned by the Gross Settlement Amount shall be deducted and paid from the Gross Settlement Amount as provided in Paragraph 5.3 hereof.

**5.3**   Taxes and tax expenses are Administrative Expenses to be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Gross Settlement Amount, including any taxes or tax detriments that may be imposed upon Defendants or Defense Counsel with respect to any income earned by the Gross Settlement Amount for any period during which the Gross Settlement Amount does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5). Such taxes and tax expenses shall be Administrative Expenses and shall be paid timely by the Escrow Agent out of the Gross Settlement Amount without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts, including the establishment of adequate reserves for any taxes and tax expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the

Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

**5.4**   Within twenty-one (21) calendar days after the later of (a) the date the Preliminary Order is entered, or (b) the date the escrow account described in Paragraph 5.1 is established and the Escrow Agent shall have furnished to Defendants in writing the escrow account name, IRS W-9 Form, and all necessary wiring instructions, Defendants and/or their insurer(s) shall deposit two million dollars ($2,000,000) into the Qualified Settlement Fund.

**5.5**   Within five (5) business days after the Settlement Effective Date, Defendants and/or their insurer(s) shall deposit eleven million dollars ($11,000,000) into the Qualified Settlement Fund.

**5.6**   The Escrow Agent shall, at the written direction of Class Counsel, invest the Qualified Settlement Fund in short-term United States Agency or Treasury Securities or other instruments backed by the Full Faith and Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these investments as they mature in similar instruments at their then-current market rates.

**5.7**   The Escrow Agent shall not disburse the Qualified Settlement Fund or any portion except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

**5.8**   Within one-hundred fifty (150) calendar days after the Settlement Effective Date, the Gross Settlement Amount will be distributed from the Qualified Settlement Fund as follows: (a) first, all Attorneys' Fees and costs shall be paid to Class Counsel within seven (7) business days after the Settlement Effective Date; (b) second, all Administrative Expenses not paid previously shall be paid within seven (7) business days after the Settlement Effective Date; (c) third, any Class Representatives' Compensation ordered by the Court shall be paid within seven (7) business days after the Settlement Effective Date; (d) fourth, a contingency reserve not to exceed an amount to be mutually agreed upon by the Settling Parties shall be set aside by the Settlement Administrator for: (1) Administrative Expenses incurred before the Settlement Effective Date but not yet paid, (2) Administrative Expenses estimated to be incurred after the Settlement Effective Date but before the end of the Settlement Period, (3) an amount estimated for adjustments of data or calculation errors, and (e) fifth, the Net Settlement Amount will be distributed in accordance with the Plan of Allocation. Pending final distribution of the Net Settlement Amount in

accordance with the Plan of Allocation, the Escrow Agent will maintain the Qualified Settlement Fund.

**5.9**   The Escrow Agent, or the Settlement Administrator on its behalf, shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

**5.10**   No later than February 15 of the year following the calendar year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund in accordance with the terms of this Article 5, Defendants, their insurers, or agents shall timely furnish a statement to the Escrow Agent, or the Settlement Administrator on its behalf, that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B3(e)(2)(ii), and shall attach a copy of the statement to their federal income tax returns filed for the taxable year in which Defendants, their insurers, or agents make a transfer to the Qualified Settlement Fund.

## 6   Article 6 – Plan of Allocation

**6.1**   After the Settlement Effective Date, the Settlement Administrator shall cause the Net Settlement Amount to be allocated and distributed to Authorized Former Participants and those Current Participants covered by Paragraphs 6.5, 6.6, and 6.7 below, and to the Plans for distribution to the remaining Current Participants in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.2**   To be eligible for a distribution from the Net Settlement Amount, a person must be a Current Participant, an Authorized Former Participant, or a Beneficiary or Alternate Payee of such a person.

    **6.2.1**   Current Participants shall receive their settlement payments as either contributions to their account(s) in the Plans or by check, as provided in Paragraphs 6.4 and 6.5 below.

    **6.2.2**   Authorized Former Participants shall receive their settlement payments in the form of a check, as provided in Paragraph 6.5 below.

    **6.2.3**   Beneficiaries shall receive payments by check in amounts corresponding to their entitlement as beneficiaries of the Current Participant or of the Authorized Former Participant with respect to which the payment is made. Alternate Payees shall receive payments by check if and to the extent they are entitled to receive a portion of a Current Participant's or

Authorized Former Participant's allocation under this Article 6 in accordance with the terms of the applicable Qualified Domestic Relations Order. The Settlement Administrator shall have sole and final discretion to determine the amounts to be paid to Beneficiaries and Alternate Payees in accordance with the Plan of Allocation set forth in this Article 6 and as ordered by the Court.

**6.3    Calculation of Settlement Payments.** Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator in accordance with the Plan of Allocation as follows:

**6.3.1**   The Settlement Administrator shall obtain from Class Counsel, Defendants, or the Plans' recordkeepers the quarter-ending account balances invested in the Plans' investment options or the Plans for each Class Member during the Class Period, as well as data reflecting the allocation of new contributions among the Plans' recordkeepers for each Current Participant as of January 14, 2021. Defendants agree to provide the necessary approvals authorizing transmission of such information to the Settlement Administrator.

**6.3.2**   Payments to Authorized Former Participants and Current Participants shall be calculated by the Settlement Administrator as follows:

1.   The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;
2.   All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;
3.   An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);
4.   For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;
5.   Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

**6.3.3**   No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. All such amounts shall be retained in the Qualified Settlement Fund for distribution under Paragraph 6.13.

**6.3.4**   The Settlement Administrator shall determine the total settlement payment available to each Current Participants and Authorized Former

Participant by calculating each such participant's share of the Net Settlement as set forth above.

**6.3.5**   The Settlement Administrator shall complete all payment calculations for all Current Participants and Authorized Former Participants within thirty (30) business days after the Settlement Effective Date.

**6.3.6**   The Settlement Administrator shall utilize the calculations required to be performed herein for (a) making the required payments to Current Participants and Authorized Former Participants under Paragraphs 6.5, 6.6, and 6.7 of the Settlement Agreement; and (b) instructing the Plans as to the amounts to be distributed to the Current Participants under Paragraph 6.4 of the Settlement Agreement and calculating the total amount to deposit into each Current Participant's Active Account(s) to fulfill this instruction.

**6.3.7**   The total amount of all checks to be written by the Settlement Administrator plus the total amount of all credits that the Plans are instructed to make to Current Participants may not exceed the Net Settlement Amount. Nothing in this Paragraph is intended to modify the requirements of Paragraph 6.8 below. In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make such changes as are necessary to the Plan of Allocation such that said totals do not exceed the Net Settlement Amount.

**6.3.8**   The Released Parties shall not have any responsibility for or liability whatsoever with respect to the Plan of Allocation, including, but not limited to, the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

**6.4**   **Payments to Current Participants.** Current Participants will not be required to submit a Former Participant Claim Form to receive a settlement payment.

**6.4.1**   Within two (2) business days after the Settlement Administrator has completed all payment calculations for all Current Participants, the Settlement Administrator will provide notice to the Defendants and send to each of the Plans' recordkeepers an Excel spreadsheet containing the name, Social Security number, and the amount of the settlement payment to be made by that recordkeeper into the Active Account(s) for each Current Participant.

**6.4.2**   Within five (5) business days after the Settlement Administrator provides the Current Participant information detailed in Paragraph 6.4.1 to each of the Plans' recordkeepers, the recordkeepers will provide the Settlement

Administrator a list of which Current Participants (if any) is a Zero Account Balance Current Participant.

**6.4.3**   Thereafter, within ten (10) business days' written notice to Defendants (or their designee) as provided in Paragraph 6.4.1, the Settlement Administrator shall effect a transfer from the Qualified Settlement Fund to each of the Plans' recordkeepers of the aggregate amount of all settlement payments payable to Current Participants with that recordkeeper, as reflected in the spreadsheets provided by the Settlement Administrator, less the amount of all settlement payments payable to Zero Account Balance Current Participants.

**6.4.4**   Defendants (or their designee) shall direct the Plans' recordkeepers to credit the individual Active Account(s) of each Current Participant who is not a Zero Account Balance Current Participant in an amount equal to that stated on the spreadsheets provided by the Settlement Administrator in relation to such Current Participant.

**6.4.5**   The settlement payment for each Current Participant who is not a Zero Account Balance Current Participant with each recordkeeper will be invested in accordance with and proportionate to such Current Participant's investment elections then on file for new contributions with that recordkeeper.  If there is no investment election for new contributions on file for any Current Participant who is not a Zero Account Balance Current Participant with a recordkeeper, then such Current Participant shall be deemed to have directed such payment to be invested in the relevant Plan's "Qualified Default Investment Alternative" as defined in 29 C.F.R. § 2550.404c-5.

**6.4.6**   The Plans' recordkeepers shall process all transactions for Current Participants who are not Zero Account Balance Current Participants within thirty (30) calendar days of receiving direction from Defendants (or their designee) for any such Current Participant.

**6.5**   **Payments to Zero Account Balance Current Participants**. For each Zero Account Balance Current Participant, the Settlement Administrator shall issue a check from the Qualified Settlement Fund and mail the check to the address of the Zero Account Balance Current Participant then on file. Zero Account Balance Current Participants need not complete a Former Participant Claim Form. The checks shall be issued within the same timing as Paragraph 5.8.

**6.5.1**   For each check issued, the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with the payments allocable to the Current Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Current Participant.

6.6 **Payments to Authorized Former Participants.** The Former Participant Claim Form shall advise the Authorized Former Participant that any distribution in accordance with the Settlement may be rollover eligible and of their right to roll over such an amount. If the Authorized Former Participant elects to treat the Settlement Distribution as a rollover, the Settlement Administrator shall follow proper rollover instructions provided by the Authorized Former Participant. Neither the Released Parties, Defense Counsel, nor Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to the Authorized Former Participants or the Current Participants.

6.7 For each Authorized Former Participant, the Settlement Administrator will issue a single check from the Qualified Settlement Fund and mail the check to the address of such Authorized Former Participant listed in his or her Former Participant Claim Form or, in the case of ambiguity or uncertainty, to the address of such person as determined by the Settlement Administrator using commercially reasonable means. The check shall be issued as follows:

6.7.1 For each check issued, the Settlement Administrator shall (a) calculate and withhold any applicable taxes associated with the payments allocable to the Authorized Former Participant; (b) report such payments and remit such tax withholdings to the Internal Revenue Service and applicable state revenue agents; and (c) issue appropriate tax forms to the Authorized Former Participants.

6.7.2 The Settlement Administrator shall advise the Authorized Former Participant that any distribution in accordance with the Settlement is rollover eligible and of their right to rollover such an amount, and shall follow proper rollover instructions provided by the Authorized Former Participant.

6.8 This Plan of Allocation is based upon preliminary data regarding the Class Members who may be entitled to settlement payments. If the Settlement Administrator concludes that it is impracticable to implement any provision of this Plan of Allocation, the Settling Parties will modify promptly the terms of this Plan of Allocation and present such modified terms, first, to the Independent Fiduciary for its review and approval and, second, to the Court for its approval. Direct mailed or electronic notice to Class Members of such proposed modification of the Plan of Allocation shall not be required. However, notice of such proposed modification shall be posted on the Settlement Website within five (5) business days of the date that the proposed modification is submitted to the Court for its approval. If the proposed modification is implemented, notice of such modification shall be posted on the Settlement Website within five (5) business days of the date that the Court approves the modification.

6.8.1 The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

21

**6.9** Within ten (10) business days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel, Defense Counsel, and Defendants one or more affidavits stating the following: (a) the name of each Class Member to whom the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form, and the address of such mailing; (b) the date(s) upon which the Settlement Administrator sent the Settlement Notice or the Former Participant Claim Form; (c) the name of each Class Member whose Settlement Notice or Former Participant Claim Form was returned as undeliverable; (d) the efforts made by the Settlement Administrator to find the correct address and to deliver the Settlement Notice or Former Participant Claim Form for each such Class Member; and (e) the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the name of the payee, the date of distribution, the amount of tax withholdings, if applicable, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.  These affidavits and the accompanying information shall be considered "Confidential" under the terms of the Protective Orders.

**6.10** The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws. Defendants, Defense Counsel, Class Counsel, and Class Representatives will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made, and reporting will be performed by the Settlement Administrator, as required by law in respect of all payments made under the Settlement Agreement. Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

**6.11** Each Class Member, Beneficiary, or Alternate Payee who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each such Class Member, Beneficiary, or Alternate Payee shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.12** All checks issued in accordance with this Plan of Allocation shall expire no later than one hundred twenty (120) calendar days after their issue date. All checks that are undelivered or are not cashed before their expiration date shall revert to the Qualified Settlement Fund.

**6.13** No sooner than thirty (30) calendar days following the end of the Settlement Period, any Net Settlement Amount remaining in the Qualified Settlement Fund after distributions, including costs, taxes and interest-earned on the Qualified Settlement Fund, shall be paid to the Plans for the purpose of defraying administrative fees and expenses of the Plans that would otherwise be charged to the Plans' participants. In no event shall any part of the Settlement Fund be used to reimburse any Defendants or otherwise offset settlement related costs incurred by any Defendants. Once payment is complete, Notice will be sent according to Paragraph 13.18.

## 7   Article 7 – Attorneys' Fees and Costs

**7.1** Class Counsel intends to seek to recover their attorneys' fees not to exceed $4,333,333, and litigation costs and expenses advanced and carried by Class Counsel for the duration of this litigation, not to exceed $410,000, which shall be recovered from the Gross Settlement Amount. Class Counsel also intends to seek Class Representatives' Compensation, in an amount not to exceed $25,000 each for Class Representatives Jennifer Sweda, Benjamin A. Wiggins, Robert L. Young, Faith Pickering, Pushkar Sohoni, and Rebecca N. Toner, which shall be recovered from the Gross Settlement Amount.

**7.2** Class Counsel will file a motion for an award of Attorneys' Fees and Costs at least thirty (30) days before the deadline set in the Preliminary Order for objections to the proposed settlement, which may be supplemented thereafter.

## 8   Article 8 – Release and Covenant Not to Sue

**8.1** As of the Settlement Effective Date, the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalves and on behalf of the Plans, shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged all Released Parties from the Released Claims, whether or not such Class Members have received a monetary benefit from the Settlement, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

**8.2** As of the Settlement Effective Date, the Class Representatives, the Class Members and the Plans (subject to Independent Fiduciary approval as required by Paragraph 3.1), expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding,

an arbitration or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

**8.3**   Class Counsel, the Class Representatives**,** Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member and the Plans shall expressly, upon the entry of the Final Order, be deemed to have, and**,** by operation of the Final Order, shall have fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives**,** Class Members and the Plans acknowledge and shall be deemed by operation of the Final Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement of which this release is a part.

**8.4**   Each Class Representative, each Class Member, and the Plans hereby stipulate and agree with respect to any and all Released Claims that, upon entry of the Final Order, the Class Members shall be conclusively deemed to, and by operation of the Final Order shall, settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representatives and Class Members shall, upon entry of the Final Order with respect to the Released Claims, waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

## 9   Article 9 – Representations and Warranties

**9.1**   The Settling Parties represent:

**9.1.1**   That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations among their counsel, and that in

executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**9.1.2**   That they assume the risk of mistake as to facts or law;

**9.1.3**   That they recognize that additional evidence may have come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**9.1.4**   That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**9.1.5**   That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**9.2**   Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that he/she has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

## 10   Article 10 – Additional Terms

**10.1**   Defendants acknowledge that in or around Spring 2021, the Plan will begin utilizing a single recordkeeper for recordkeeping and administrative services and be charged for those services on A fixed-fee (per Plan participant) basis. Defendants further acknowledge that in or around Spring 2021, the Plan intends to offer an updated investment menu, including investment options offered in the lowest-cost share class available to the Plan.

**10.2**   There will be a Settlement Period of three years from the Settlement Effective Date during which Defendants will comply with the terms set forth herein.

**10.3**   Defendants agree that, in connection with the implementation of the updated investment menu in or around Spring 2021, the Plan fiduciaries will inform Plan participants of their ability to redirect their assets held in any frozen investment options to investment options available in the updated investment menu or brokerage account option.

**10.4**   During the Settlement Period, Defendants shall continue to provide annual training to Plan fiduciaries regarding their fiduciary duties under ERISA.

**10.5** To the extent an asset-based fee is used to offset a fixed-fee for recordkeeping and administrative services, any asset-based fee collected in excess of the fixed-fee amount and not used to defray reasonable expenses of administering the Plan shall be rebated back to Plan participants. The Plan shall allocate excess amounts to participants in a manner the Plan fiduciaries determine to be fair, equitable, and appropriate under the circumstances.

**10.6** Within thirty (30) calendar  days after the end of each year of the Settlement Period, and within thirty (30) calendar days after the conclusion of the Settlement Period, Defendants will provide Class Counsel with the following information current as of the end of the most recent calendar quarter: a list of the Plan's investment options, the fees for those investment alternatives, and a copy of the Investment Policy Statement(s) (if any) for the Plan.

**10.7** Before the expiration of the Settlement Period, Defendants or their consultant shall initiate a request for proposal ("RFP") for recordkeeping and administrative services.  Within sixty (60) days after the conclusion of the RFP, Defendants shall notify Class Counsel that they have fulfilled this obligation.

**10.8** Defendants agree to instruct the current recordkeeper of the Plan in writing within ninety (90) calendar days of the Settlement Effective Date that, in performing previously agreed-upon recordkeeping services with respect to the Plan, the recordkeeper must not use information received as a result of providing services to the Plan and/or the Plan's participants to solicit the Plan's current participants for the purpose of cross-selling non-Plan products and services, including, but not limited to, Individual Retirement Accounts ("IRAs"), non-Plan managed account services, life or disability insurance, investment products, and wealth management services, unless in response to a request by a Plan participant. In the event Defendants enter into a new recordkeeping agreement with an existing recordkeeper or a new recordkeeper during the Settlement Period, Defendants agree that any resulting contract shall include a provision restricting the recordkeeper from using information received as a result of providing services to the Plan and/or the Plan's participants for the purpose of soliciting the Plan's current participants for the purpose of cross-selling non-Plan products and services, unless in response to a request by a Plan participant.

## 11   Article 11 – Termination, Conditions of Settlement, and Effect of Disapproval, Cancellation, or Termination

**11.1** The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

**11.1.1** Under Paragraph 3.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the

determinations required by the PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate an approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39;

**11.1.2**   The Preliminary Order or the Final Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

**11.1.3**   The Settlement Class is not certified as defined herein or in a form which is otherwise agreed to by the Settling Parties;

**11.1.4**   This Settlement Agreement is disapproved by the Court or fails to become effective for any reason whatsoever; or

**11.1.5**   The Preliminary Order or Final Order is finally reversed on appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

**11.2**   If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by Class Representatives shall for all purposes with respect to the Settling Parties revert to their status as though the Settling Parties never executed the Settlement Agreement. All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants, their agents, or insurers pro rata based on their contributions to the Qualified Settlement Fund within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void, except as provided for in Paragraph 11.4.

**11.3**   It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or Class Representatives' Compensation and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representatives' Compensation.

**11.4**   In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be paid first from the interest earned, if any, on the Qualified Settlement Fund. Administrative Expenses in excess of the interest earned on the Qualified Settlement Fund shall be split evenly and paid by Class Counsel, on the one hand, and Defendants (or their insurer(s)), on the other hand.

**12**   **Article 12 – Confidentiality of the Settlement Negotiations and Permitted Settlement-Related Communications**

**12.1**   Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers

Exhibit A

made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed; and (b) comply with this Article 12 in all other respects.

**12.2**  Class Counsel will establish a Settlement Website on which it will post the following documents or links to the following documents on or following the date of the Preliminary Order: the operative Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Former Participants Claim Form, Class Representatives' Motion for Attorneys' Fees and Costs and Award of Compensation to Class Representatives, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settling Parties ("Settlement Website Information"). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. Class Counsel will take down the Settlement Website ninety (90) calendar days after the receipt of the affidavit(s) referenced in Paragraph 6.9.

**12.3**  Within thirty (30) calendar days of the filing of the motion for preliminary approval of the Settlement, Defendants may issue a communication to the Plans' participants explaining the terms of the Settlement and/or Plan of Allocation.  If Defendants decide to issue such a communication, it shall be approved in advance by Class Counsel.

**13   Article 13 – General Provisions**

**13.1**  The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Order and the Final Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms. The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

**13.2**  This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding, and Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action. This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of

Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose. Defendants deny all allegations of wrongdoing. Defendants contend that the Plans have been managed, operated, and administered at all relevant times reasonably and prudently, in the best interest of the Plans' participants, and in accordance with ERISA, including the fiduciary duty and prohibited transaction provisions of ERISA.

13.3   Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns. Further, neither Defendants nor Defense Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount or otherwise.

13.4   Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of Plaintiffs and Class Members. Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

13.5   This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, Pennsylvania law.

13.6   The Settling Parties agree that any and all disputes concerning compliance with the Settlement Agreement, with the exception of any and all disputes concerning compliance with Article 8, shall be exclusively resolved as follows:

13.6.1   If a Settling Party has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 8, the party raising the dispute shall first promptly give written notice under the Settlement Agreement to the

other party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the party raising the dispute;

**13.6.2** Within twenty-one (21) calendar days after receiving the notice described in Paragraph 13.6.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**13.6.3** For a period of not more than twenty-one (21) calendar days following mailing of the response described in Paragraph 13.6.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**13.6.4** If the dispute is not resolved during the period described in Paragraph 13.6.3, the parties shall conduct a mediation of the dispute with the Mediator on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

**13.6.5** The Settling Parties intend to resolve any disputes quickly, expeditiously, and inexpensively. Accordingly, there shall be no discovery allowed in connection with mediation under Paragraphs 13.6.4, and no witnesses shall be presented or examined during the mediation. The Mediator will make his recommendation based solely on the papers, documents, testimony, and arguments of counsel presented to him.

**13.6.6** In any mediation under Paragraphs 13.6.4, each Settling Party shall bear its own fees and costs.

**13.6.7** If the dispute is not resolved through mediation, either Settling Party may request that the Court resolve the dispute.

**13.7** The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement that are not resolved under Paragraph 13.6. Any motion or action to enforce this Settlement Agreement—including by way of injunction—may be filed in the U.S. District Court for the Eastern District of Pennsylvania, or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

Exhibit A

**13.8** The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**13.9** Each party to this Settlement Agreement hereby acknowledges that he, she, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, or its counsel.

**13.10** Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Paragraphs they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes" or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**13.11** Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

**13.12** This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**13.13** The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**13.14** Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver

such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

**13.15** All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No party is relying on any oral representations or oral agreements. All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Effective Date of Settlement.

**13.16** All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Former Participant Claim Form; Exhibit 2 – Preliminary Order; Exhibit 3 – Notice of Class Action Settlement and Fairness Hearing to Current Participants; Exhibit 4 – Notice of Class Action Settlement and Fairness Hearing to Former Participants; Exhibit 5 – Final Order; and Exhibit 6 – Form of CAFA Notice.

**13.17** No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

**13.18** Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier;

IF TO THE CLASS REPRESENTATIVES:

> Jerome J. Schlichter (jschlichter@uselaws.com)
> Troy A. Doles (tdoles@uselaws.com)
> Heather Lea (hlea@uselaws.com)
> SCHLICHTER, BOGARD & DENTON, LLP
> 100 S. Fourth Street, Suite 1200
> St. Louis, Missouri 63102
> Tel: (314) 621-6115
> Fax: (314) 621-5934

IF TO DEFENDANT:

> Christopher Boran (Christopher.Boran@morganlewis.com)
> MORGAN, LEWIS & BOCKIUS LLP
> 77 W. Wacker Dr.
> Chicago, IL 60601-5094
> Tel: (312) 324-1000
> Fax: (312) 324-1001

Brian Ortelere
MORGAN, LEWIS & BOCKIUS LLP
1701 Market St.
Philadelphia, PA 19103-2921
Tel: (215) 963-5000
Fax: (215) 963-5001

ON BEHALF OF PLAINTIFFS, Individually and as Representatives of the Class:

Dated:  January 13, 2021_____

SCHLICHTER, BOGARD & DENTON LLP

_Jerome J. Schlichter_____
Jerome J. Schlichter
Troy Doles
Heather Lea
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives

ON BEHALF OF DEFENDANTS:

Dated:_____

THE UNIVERSITY OF PENNSYLVANIA

_____
[NAME]
[TITLE]

Exhibit A

ON BEHALF OF PLAINTIFFS, Individually and as Representatives of the Class:

Dated: _____

SCHLICHTER, BOGARD & DENTON LLP


_____
Jerome J. Schlichter
Troy Doles
Heather Lea
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
Attorneys for Plaintiffs and Class Representatives


ON BEHALF OF DEFENDANTS:

Dated: January 13, 2021_____

MORGAN, LEWIS & BOCKIUS LLP


_____
Christopher J. Boran
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
Tel: (312) 324-1000
Fax: (312) 324-1001
Attorney for Defendants

34

**Univ. of Pennsylvania 403(b) Settlement Administrator**

**www.UPenn403bSettlement.com**
## FORMER PARTICIPANT CLAIM FORM

ABC1234567890                                    Claim Number: 1111111

## *ABC1234567890*
JOHN Q CLASS MEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This Former Participant Claim Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries, alternate payees or attorneys-in-fact of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who did not have an account in the Plans (as defined below) with a balance greater than $0 as of January 14, 2021.

This form must be completed, signed, and mailed to the Settlement Administrator with a postmark date on or before XXXXXXXXX or electronically filed online at www.UPenn403BSettlement.com no later than XXXXXXXX in order for you to receive your share of the Settlement proceeds. **Former Participants who do not complete and timely return this form will not receive any Settlement payment**. Please review the instructions below carefully. If you have questions regarding this Claim Form, you may contact the Settlement Administrator as indicated below.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
## PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT CLAIM FORM

1. Complete this claim form and keep a copy of all pages of your Former Participant Claim Form, including page 1 with the address label, for your records.

2. Mail your completed Former Participant Claim Form postmarked no later than XXXXXXXX to the Settlement Administrator at the following address:

   **Univ. of Pennsylvania 403(b) Settlement Administrator**
   **XXXXXXXX**
   **XXXX, XX XXXXX**

   Claim Forms may also be completed and submitted to the Settlement Administrator electronically online at www.UPenn403bSettlement.com. Electronic Claim Forms must be submitted no later than XXXXXX.

   It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Claim Form.

3. Other Reminders:
   - You must provide date of birth, signature, and a completed Substitute IRS Form W-9, which is attached as Part 5 to this form.
   - If you desire to do a rollover but do not complete in full the rollover information in Part 4 Payment Election of the Settlement Distribution Form, payment will be made to you directly.
   - If you change your address after sending in your Former Participant Claim Form, please send your new address to the Settlement Administrator.
   - **Timing Of Payments To Eligible Settlement Class Members**. Please note that Settlement payments are subject to the Settlement Agreement's receiving final Court approval. If the Settlement Agreement is approved and if you are entitled to a Settlement payment under the terms of the Settlement, such payments will be distributed no earlier than the last half of 2021 due to the need to process and verify information for all Settlement Class Members who are entitled to a payment and to compute the amount of each payment. Payments may be further delayed if any appeals are filed.

4. **Questions?** If you have any questions about this Former Participant Claim Form, please call the Settlement Administrator at 1-xxx-xxx-xxxx. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax, or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement, Settlement administration, and claim processing is available on the lawsuit website, www.UPenn403bSettlement.com.

Exhibit 1

You are eligible to receive a payment from a class action settlement. The Court has preliminarily approved the class settlement of *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.). That settlement provides allocation of monies to the individual accounts of Settlement Class Members who had plan accounts with a positive balance in the University of Pennsylvania Matching Plan, Supplemental Retirement Annuity Plan, or Basic Plan (the "Plans") as of January 14, 2021 ("Current Participants"). Settlement Class Members who are entitled to a distribution but who did not have a plan account with a positive balance in the Plans as of January 14, 2021 ("Former Participants") will receive their allocation in the form of a check or rollover if and only if they mail a valid Former Participant Claim Form to the Settlement Administrator at the address atop this form postmarked no later than XXXXXXXX or electronically filed online at www.UPenn403bSettlement.com no later than XXXXXXXXXX. For more information about the Settlement, please see www.UPenn403bSettlement.com, or call 1-xxx-xxx-xxxx.

Because you are a Former Participant (or beneficiary of a Former Participant) in one or more of the Plans, you must decide whether you want your payment (1) sent payable to you directly or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To make that choice, please complete and mail this Former Participant Claim Form to the Settlement Administrator at the address atop this form postmarked no later than XXXXXXXX. Claim Forms may also be completed and submitted to the Settlement Administrator electronically online at www.UPenn403bSettlement.com. Electronic Claim Forms must be submitted no later than XXXXXXX. If you do not indicate a payment election, your payment will be sent payable to you directly.

## PART 2: PARTICIPANT INFORMATION

First Name        Middle   Last Name

Mailing Address

City        State    Zip Code

Home Phone        Work Phone or Cell Phone

Participant's Social Security Number        Participant's Date of Birth

                           M M    D D    Y Y Y Y

Email Address

☐ Check here if you were a Former Participant, but did not receive this Claim Form in the mail. This may be because you were a participant in the Plans only for a brief period.

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (IF APPLICABLE)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an **alternate payee under a qualified domestic relations order (QDRO), or attorney-in-fact** for the Former Participant. The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

Your First Name        Middle   Last Name

Your Social Security Number or Tax ID Number        Your Date of Birth

                                               M M    D D    Y Y Y Y

Your Mailing Address

Exhibit 1

City

State

Zip Code

Exhibit 1

## PART 4: PAYMENT ELECTION

☐ **Payment to Self** – A check subject to mandatory federal and applicable state withholding tax will be mailed to your address on the previous page.

☐ **Direct Rollover to an Eligible Plan** – Check only one box below and complete Rollover Information Section Below:

☐ Government 457(b)     ☐ 401(a)/401(k)     ☐ 403(b)

☐ Direct Rollover to a Traditional IRA     ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                    State     Zip Code

Account Number                              Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT CLAIM FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT CLAIM FORM.

1. The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3. I am a U.S. Person (including a U.S. resident alien).

M M   D D   Y Y Y Y

_____
**Participant Signature**                              **Date Signed** (*Required*)

Note: if you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above. The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

**QUESTIONS? VISIT: www.UPenn403bSettlement.com, OR CALL 1-xxx-xxx-xxxx**

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | |
|---|---|
| JENNIFER SWEDA, ET AL., | |
| *Plaintiffs*, | |
| v. | No. 2:16-cv-4329-GEKP |
| THE UNIVERSITY OF PENNSYLVANIA, ET AL., | |
| *Defendants*. | |

### [PROPOSED] ORDER GRANTING MOTION FOR
### PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This litigation arises out of a class action alleging breaches of fiduciary duties and prohibited transactions against the defendants under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001, *et seq*., with respect to their management, operation, and administration of The University of Pennsylvania Matching Plan, The University of Pennsylvania Supplemental Retirement Annuity Plan, and The University of Pennsylvania Basic Plan (all three plans collectively referred to as the "Plans"). The Defendants deny the allegations, claims, and contentions of the Class Representatives, deny that they are liable at all to the Settlement Class, and deny that the Settlement Class or the Plans have suffered any harm or damage for which the Defendants could be held liable.

In their Unopposed Motion for Preliminary Approval of Class Settlement, Plaintiffs seek preliminary approval of a settlement of the claims asserted. The terms of the Settlement are set out in a Class Action Settlement Agreement dated January 13, 2021, executed by the Settling Parties and their counsel.

The Court has considered the proposed Settlement. For purposes of this Order, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated

Exhibit 2

herein by reference. Having reviewed the Settlement Agreement and the accompanying and supporting papers, it is **ORDERED** as follows.

1.      **Class Findings**: Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class, which is defined as:

> All persons who participated in the Plans at any time during the Class Period, including any Beneficiary of a deceased person who participated in one or more of the Plans at any time during the Class Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in one or more of the Plans at any time during the Class Period. Excluded from the Settlement Class are each of the individual members of the Investment Committee during the Class Period.

> The Class Period is August 10, 2010 through January 14, 2021.

A.      The Court finds that Rule 23(a)(1) is satisfied because there are over 20,000 potential class members making joinder impracticable.

B.      The Court finds that Rule 23(a)(2) is satisfied because there are one or more questions of fact and/or law common to the Settlement Class that can or would be resolved as to the Plan, not only as to individual participants, including: whether the fiduciaries to the Plan breached their duties; whether the Plans suffered losses resulting from each breach of duty; and what Plan-wide equitable and other relief, if any, the Court should impose in light of Defendants' alleged breach of duty.

C.      The Court finds that Rule 23(a)(3) is satisfied because the claims of the Class Representatives are typical of the claims of the Settlement Class because they all arise from a Plan-level course of conduct.

Exhibit 2

D.      The Court finds that Rule 23(a)(4) is satisfied because there is no conflict

between Plaintiffs' individual interests and the interests of the Settlement Class.

Instead, they share the same objectives, share the same factual and legal positions, and

share the same interest in establishing Defendants' liability. Additionally, Class

Counsel is qualified, reputable, and has extensive experience in ERISA fiduciary

breach class actions such as this one.

E.      The Court finds that, as required by Rule 23(b)(1), individual members of the

Settlement Class pursuing their own claims could result in inconsistent or varying

adjudications as to individual members of the Settlement Class that would establish

incompatible standards of conduct for Defendants, and that adjudication as to

individual class members would, as a practical matter, be dispositive of the interest of

other members not parties to the individual adjudications, or would substantially impair

or impeded those persons' ability to protect their interests.

F.      The Court finds that Rule 23(g) is satisfied because the law firm Schlichter

Bogard & Denton, LLP, is capable of fairly and adequately representing the interests of

the Settlement Class. Class Counsel has done substantial work on this case, including

significant investigation, both before filing and thereafter, of the underlying merit of

Plaintiffs' claims alleged in the Class Action. Class Counsel is highly experienced in

these types of cases and is knowledgeable of the applicable law.

2.      **Settlement Class Certification**: The Court certifies the following class for

settlement purposes under Federal Rule of Civil Procedure 23(b)(1):

> All persons who participated in the Plans at any time during the
> Class Period, including any Beneficiary of a deceased person who
> participated in one or more of the Plans at any time during the Class

3

Exhibit 2

Period, and any Alternate Payee of a person subject to a Qualified Domestic Relations Order who participated in one or more of the Plans at any time during the Class Period. Excluded from the Settlement Class are each of the individual members of the Investment Committee during the Class Period.

The Class Period is August 10, 2010 through January 14, 2021.

3. **Appointment of Class Representatives and Class Counsel**: The Court appoints the Class Representatives to represent the Settlement Class, and Schlichter Bogard & Denton, LLP, as Class Counsel.

4. **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

A. The proposed Settlement resulted from extensive arm's-length negotiations;

B. The Settlement Agreement was executed only after the parties engaged in substantial litigation for over four years and after settlement negotiations had continued within that period, including extensive telephonic and email communications;

C. Class Counsel has concluded that the Settlement Agreement is fair, reasonable, and adequate;

D. The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class; and

5. **Fairness Hearing**: A hearing is scheduled at the United States District Court for the Eastern District of Pennsylvania, the Honorable District Court Judge Pratter presiding, at _____ a.m./p.m. on _____, 2021, **[not before June 13, 2021 ]** (the "Fairness Hearing") to determine, among other issues:

A. Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

4

Exhibit 2

B.      Whether the Settlement Notice and notice methodology were performed as directed by this Court;

C.      Whether the motion for attorneys' fees and costs to be filed by Class Counsel should be approved;

D.      Whether an amount of compensation to Class Representatives should be approved; and

E.      Whether the Administrative Expenses specified in the Settlement Agreement and requested by the Settling Parties should be approved for payment from the Gross Settlement Amount.

6.      **Establishment of Qualified Settlement Fund**: A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the *Sweda v. Univ. of Pennsylvania* Litigation Settlement Fund (the "Settlement Fund" or "Gross Settlement Amount"). The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall consist of $13,000,000 and any interest earned thereon. The Settlement Fund shall be administered as follows:

A.      The Settlement Fund is established exclusively for the purposes of: (i) making distributions to Class Representatives and the Settlement Class specified in the Settlement Agreement; (ii) making payments for all settlement administration costs and costs of notice, including payments of all Administrative Expenses specified in the Settlement Agreement; (iii) making payments of all Attorneys' Fees and Costs to Class Counsel as awarded by the Court; and (iv) paying employment, withholding, income, and other applicable taxes, all in accordance with the terms of the Settlement Agreement and

5

Exhibit 2

this Order. Other than the payment of Administrative Expenses or as otherwise expressly

provided in the Settlement Agreement, no distribution shall be made from the Settlement

Fund until after the Settlement Effective Date.

B.        Within the time period set forth in the Settlement Agreement, Defendants or their

insurer(s) shall cause $2,000,000 to be deposited into the Settlement Fund.

C.        The Court appoints RG2 Claims Administration, LLC as the Settlement

Administrator for providing Settlement Notice, implementing the Plan of Allocation, and

otherwise assisting in administration of the Settlement as set forth in the Settlement

Agreement.

D.        Defendants shall timely furnish a statement to the Settlement Administrator that

complies with Treasury Regulation § 1.468B-3(e)(2), which may be a combined

statement under Treasury Regulation § 1.468B-3(e)(2)(ii) and shall attach a copy of the

statement to their federal income tax returns filed for the taxable year in which

Defendants make a transfer to the Settlement Fund.

E.        Defendants shall have no withholding, reporting, or tax reporting responsibilities

with regard to the Settlement Fund or its distribution, except as otherwise specifically

identified herein. Moreover, Defendants shall have no liability, obligation, or

responsibility for administration of the Settlement Fund or the disbursement of any

monies from the Settlement Fund except for: (1) their obligation to cause the Gross

Settlement Amount to be paid; and (2) their agreement to cooperate in providing

information that is necessary for settlement administration set forth in the Settlement

Agreement.

F.        The oversight of the Settlement Fund is the responsibility of the Settlement

6

Exhibit 2

Administrator. The status and powers of the Settlement Administrator are as defined by this Order and as approved in the Settlement Agreement.

G.      The Gross Settlement Amount caused to be paid by the Defendants and/or their insurer(s) into the Settlement Fund in accordance with the Settlement Agreement, and all income generated by that amount, shall be *in custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any person. Once the Settlement Fund vests, it is irrevocable during its term and Defendants have divested themselves of all right, title, or interest, whether legal or equitable, in the Settlement Fund, if any; provided, however, in the event the Settlement Agreement is not approved by the Court or the Settlement set forth in the Settlement Agreement is terminated or fails to become effective in accordance with its terms (or, if following approval by this Court, such approval is reversed or modified), the parties shall be restored to their respective positions in this case as of the day prior to the Settlement Agreement Execution Date; the terms and provisions of the Settlement Agreement and this Order shall be void and have no force and effect and shall not be used in this case or in any proceeding for any purpose; and the Settlement Fund and income earned thereon shall immediately be returned to the entity(ies) that funded the Settlement Fund.

H.      The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court.

I.      The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with Article 6 of the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges, and excises of any kind,

Exhibit 2

including income taxes, and any interest, penalties, or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund.

J.       The Settlement Fund shall be used to make payments to Class Members under the Plan of Allocation set forth in the Settlement Agreement. Individual payments to Class Members will be subject to tax withholding as required by law and as described in the Class Notice and its attachments. In addition, all Class Representatives' Compensation, Administrative Expenses, and all Attorneys' Fees and Costs of Class Counsel shall be paid from the Settlement Fund.

K.       The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund, and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes.

L.       The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to

Exhibit 2

assure the availability of sufficient funds to meet the obligations of the Settlement Fund

itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves

may be established for taxes on the Settlement Fund income or on distributions.

M.      The Settlement Administrator shall have all the necessary powers, and take all

necessary ministerial steps, to effectuate the terms of the Settlement Agreement,

including the payment of all distributions. Such powers include receiving and processing

information from Former Participants pertaining to their claims and investing, allocating

and distributing the Settlement Fund, and in general supervising the administration of the

Settlement Agreement in accordance with its terms and this Order.

N.      The Settlement Administrator shall keep detailed and accurate accounts of all

investments, receipts, disbursements and other transactions of the Settlement Fund. All

accounts, books, and records relating to the Settlement Fund shall be open for reasonable

inspection by such persons or entities as the Court orders. Included in the Settlement

Administrator's records shall be complete information regarding actions taken with

respect to the award of any payments to any person, the nature and status of any payment

from the Settlement Fund, and other information which the Settlement Administrator

considers relevant to showing that the Settlement Fund is being administered, and awards

are being made, in accordance with the purposes of the Settlement Agreement, this Order,

and any future orders that the Court may find it necessary to issue.

O.      The Settlement Administrator may establish protective conditions concerning the

disclosure of information maintained by the Settlement Administrator if publication of

such information would violate any law, including rights to privacy. Any person entitled

to such information who is denied access to the Settlement Fund's records may submit a

9

Exhibit 2

request to the Court for such information. However, the Settlement Administrator shall

supply such information to any claimant as may be reasonably necessary to allow him or

her to accurately determine his or her federal, state, and local tax liabilities. Such

information shall be supplied in the form and manner prescribed by relevant law.

P.      This Order will bind any successor Settlement Administrator. The successor

Settlement Administrator(s) shall have, without further act on the part of anyone, all the

duties, powers, functions, immunities, and discretion granted to the original Settlement

Administrator. Any Settlement Administrator(s) who is replaced (by reason other than

death) shall execute all instruments, and do all acts, that may be necessary or that may be

ordered or requested in writing by the Court or by any successor Settlement

Administrator(s), to transfer administrative powers over the Settlement Fund to the

successor Settlement Administrator(s). The appointment of a successor Settlement

Administrator(s), if any, shall not under any circumstances require any of the Defendants

to make any further payment of any nature into the Settlement Fund or otherwise.

7.      **Class Notice**: The Settling Parties have presented to the Court proposed forms of

Settlement Notice, which are appended hereto as Exhibit 3 and Exhibit 4, respectively.

A.      The Court finds that the proposed forms and the website referenced in the

Settlement Notice fairly and adequately:

> i.   Describe the terms and effect of the Settlement Agreement and of the
>
>      Settlement;
>
> ii.  Notify the Settlement Class concerning the proposed Plan of Allocation;
>
> iii. Notify the Settlement Class that Class Counsel will seek compensation
>
>      from the Settlement Fund for the Class Representatives, Attorneys' Fees

10

Exhibit 2

and Costs;

    iv.   Notify the Settlement Class that Administrative Expenses related to the implementation of the Settlement will be paid from the Settlement Fund;

    v.   Give notice to the Settlement Class of the time and place of the Fairness Hearing; and

    vi.   Describe how the recipients of the Class Notice may object to any of the relief requested and the rights of the Settling Parties to discovery concerning such objections.

B.      The Settling Parties have proposed the following manner of communicating the notice to Class Members: the Settlement Administrator shall, by no later than sixty (60) days before the Fairness Hearing, cause the Settlement Notices, with such non-substantive modifications thereto as may be agreed upon by the Settling Parties, to be sent by electronic mail to all Class Members for whom the Settlement Administrator is provided a current email address and mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class for whom there is no current email address that can be identified through commercially reasonable means. The Court finds that such proposed manner is the best notice practicable under the circumstances and directs that the Settlement Administrator provide notice to the Settlement Class in the manner described.  Defendants shall cooperate with the Settlement Administrator by providing or facilitating the provision of, in electronic format, the names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers of members of the Settlement Class. The names, addresses, email addresses (to the extent available), and social security numbers or other unique identifiers obtained

11

Exhibit 2

pursuant to this Order shall be used solely for the purpose of providing notice of this

settlement and as required for purposes of tax withholding and reporting, and for no other

purpose.

C.      For any Settlement Notice returned as undeliverable, the Settlement Administrator

shall utilize the provided social security number or other unique identifier to attempt to

determine the current address of the person and shall mail notice to that address.

D.      At or before the Fairness Hearing, Class Counsel or the Settlement Administrator

shall file with the Court a proof of timely compliance with the foregoing requirements.

E.      The Court directs Class Counsel, no later than sixty (60) days before the Fairness

Hearing, to cause the Settlement Notice to be published on the Settlement Website.

8.      **Objections to Settlement**: Any Class Member who wishes to object to the

fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of

the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request

for Class Representatives' Compensation, must file an objection in the manner set out in this

Order.

A.      A Class Member wishing to raise an objection to the Plan of Allocation, to any

term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or

to any request for Class Representatives' Compensation must do the following: (i) file

with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any,

for each such objection made, including any legal support or evidence that such objector

wishes to bring to the Court's attention or introduce in support of such objection; and (ii)

serve copies of the objection and all supporting authorities or evidence to Class Counsel

and Defense Counsel. The addresses for filing objections with the Court and for service

12

Exhibit 2

of such objections on counsel for the parties to this matter are as follows:

Clerk of the Court
United States District Courthouse
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

SCHLICHTER, BOGARD & DENTON, LLP
Attn: Univ. of Pennsylvania 403(b) Settlement
100 S. 4th Street, Ste. 1200
St. Louis, MO 63102
*Attorneys for Plaintiffs*

MORGAN, LEWIS, BOCKIUS LLP
Attn: Christopher Boran (Christopher.Boran@morganlewis.com)
77 W. Wacker Dr.
Chicago, IL 60601-5094
*Attorneys for Defendants*

B.      The objector or his, her, or its counsel (if any) must serve copies of the

objection(s) on the attorneys listed above and file it with the Court by no later than thirty

(30) calendar days before the date of the Fairness Hearing.

C.      If an objector hires an attorney to represent him, her, or it for the purposes of

making such objection pursuant to this paragraph, the attorney must serve a notice of

appearance on the attorneys listed above and file it with the Court by no later than thirty

(30) calendar days before the date of the Fairness Hearing.

D.      Failure to serve objections(s) on either the Court or counsel for the parties shall

constitute a waiver of the objection(s). Any Class Member or other person who does not

timely file and serve a written objection complying with the terms of this Order shall be

deemed to have waived, and shall be foreclosed from raising, any objection to the

Settlement, and any untimely objection shall be barred.

E.      Any party wishing to obtain discovery from any objector may, but is not required

to, serve discovery requests, including requests for documents and notice of deposition

Exhibit 2

not to exceed two (2) hours in length, on any objector within ten (10) calendar days of

receipt of the objection and that any responses to discovery or depositions must be

completed within ten (10) calendar days of the request being served on the objector.

F.      Any party wishing to file a response to an objection must do so, and serve the

response on all parties, no later than ten (10) calendar days before the Fairness Hearing.

9.      **Appearance at Fairness Hearing**: Any objector who files and serves a timely,

written objection in accordance with the terms of this Order as set out in Paragraph 5 above may

also appear at the Fairness Hearing either in person or through counsel retained at the objector's

expense. Objectors or their attorneys intending to speak at the Fairness Hearing must serve a

notice of intention to speak setting forth, among other things, the name, address, and telephone

number of the objector (and, if applicable, the name, address, and telephone number of the

objector's attorney) on Class Counsel and Defense Counsel (at the addresses set out above) and

file it with the Court by no later than ten (10) calendar days before the date of the Fairness

Hearing. Any objector (or objector's attorney) who does not timely file and serve a notice of

intention to appear in accordance with this paragraph shall not be permitted to speak at the

Fairness Hearing.

10.      **Claim Form Deadline**: All valid Former Participant Claim Forms must be

received by the Settlement Administrator with a postmark date no later than _____, 2021, or

electronically submitted online at www.UPenn403bSettlement.com no later than _____, 2021.

11.      **Service of Papers**: Defense Counsel and Class Counsel shall promptly furnish

each other with copies of all objections that come into their possession.

12.      **Termination of Settlement**: If the Settlement is terminated in accordance with

the Settlement Agreement, this Order shall become null and void, and shall be without prejudice

14

Exhibit 2

to the rights of the Settling Parties, all of whom shall be restored to their respective positions existing the day before the Settlement Agreement Execution Date.

13.     **Use of Order**: This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification. This Order shall not be construed or used as an admission, concession, or declaration by or against any named plaintiff, Class Representatives, or the Settlement Class that their claims lack merit, or that the relief requested by Plaintiffs is inappropriate, improper, or unavailable. This Order shall not be construed or used as a waiver by any party of any arguments, defenses, or claims he, she, or it may have, including but not limited to any objections by the Defendants to class certification in the event that the Settlement Agreement is terminated.

14.     **Parallel Proceedings**: Pending final determination of whether the Settlement Agreement should be approved, the Class Representatives, every Class Member, and the Plans are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

15.     **Class Action Fairness Act Notice**:  The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit 6 to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

16.     **Continuance of Hearing**: The Court may continue the Fairness Hearing in its discretion without direct notice to the Settlement Class, other than by notice to Class Counsel

15

Exhibit 2

and Defense Counsel, and any Class Member wishing to appear should check the Court's docket

or call the Clerk's office three (3) calendar days before the scheduled date of the Fairness

Hearing.

**IT IS SO ORDERED.**

DATED: _____, 2021

_____
HON. GENE E.K. PRATTER.
UNITED STATES DISTRICT JUDGE

Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| JENNIFER SWEDA, ET AL., | |
| *Plaintiffs,* | |
| v. | No. 2:16-cv-4329-GEKP |
| THE UNIVERSITY OF PENNSYLVANIA, ET AL., | |
| *Defendants.* | |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**Your rights might be affected if you are a member of the following class:**

All participants and beneficiaries of the University of Pennsylvania Matching Plan, the Supplemental Retirement Annuity Plan of the University of Pennsylvania, and the University of Pennsylvania Basic Plan (collectively referred to as either Plan or Plans) from August 10, 2010 through January 14, 2021, excluding the Defendants.

The Class Period is defined as August 10, 2010 through January 14, 2021.  For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of January 14, 2021 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of January 14, 2021 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 13, 2021. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at UPenn403BSettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

1

Exhibit 3

A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXX XX, 2021 at xx:xx a.m., before United States District Court Judge Gene E.K. Pratter in Courtroom 10B, 10613 U.S. Courthouse, Philadelphia, PA 19106.

Any objections to the Settlement, to the petition for Attorneys' Fees and Costs, or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at UPenn403BSettlement.com.

> **According to the Plans' records, you are a Current Participant. If you believe instead that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants who are current employees and participants who are no longer employed by Univ. of Pennsylvania but continue to have an account balance in one or more of the Plans.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
| --- | --- |
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | <u>Our records indicate that you are a Current Participant because you had an account balance in one or more of the Plans as of January 14, 2021</u>. If, however, you are a Former Participant who participated in one or more of the Plans during the Class Period and did not have a balance greater than $0 as of January 14, 2021 or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked or electronically filed by XXXX XX, 2021 to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked or electronically filed by XXXX XX, 2021, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form. However, if you believe you are a Former Participant, a claim form may be obtained by accessing UPenn403BSettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXX XX, 2021)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXX XX, 2021** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by XXXXX XX, 2021, of your intention to appear at the hearing. |

**The Class Action**

The case is called *Sweda et al. v. University of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.) (the "Class Action"). The Court supervising the case is the United States District Court for the Eastern District of Pennsylvania. The individuals who brought this suit are called Class Representatives, and the entities they sued are called the Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are the University of Pennsylvania and certain affiliates and individuals. The Class Representatives' claims are described below, and additional information about them is available at UPenn403BSettlement.com.

2

Exhibit 3

**The Settlement**

The Settlement was reached on January 13, 2021. Class Counsel filed this action on August 10, 2016. Since the filing of the case and for a period of over three years, the parties engaged in substantial litigation. Class Counsel devoted substantial time and effort to review and analyze tens of thousands of pages of documents produced by Defendants and hundreds of thousands of pages of other documents to support their underlying claims. The Settling Parties engaged in substantial settlement discussions without a mediator. Only after extensive arm's length negotiation were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $13,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $13,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan(s). Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

**Additional Provisions in the Settlement**

In addition to the monetary component, the Settlement contains Defendants' acknowledgement that in or around Spring 2021, the Plans (i) will begin utilizing a single recordkeeper for recordkeeping and administrative services and be charged for those services on a fixed-fee (per Plan participant) basis and (ii) intend to offer an updated investment menu, including investment options offered in the lowest-cost share class available to the Plans. The Settlement further provides the following additional terms for a Settlement Period of three years from the Settlement Effective Date: (1) in connection with the implementation of the updated investment menu in or around Spring 2021, the Plan fiduciaries will inform Plan participants of their ability to redirect their assets held in any frozen investment options to investment options available in the updated investment menu or brokerage account option. (2) Defendants shall continue to provide annual training to Plan fiduciaries regarding their fiduciary duties under ERISA. (3) To the extent an asset-based fee is used to offset a fixed-fee for recordkeeping and administrative services, any asset-based fee collected in excess of the fixed-fee amount and not used to defray reasonable expenses of administering the Plan shall be rebated back to Plan participants. The Plan shall allocate excess amounts to participants in a manner the Plan fiduciaries determine to be fair, equitable, and appropriate under the circumstances. (4) Within thirty (30) calendar days after the end of each year of the Settlement Period, and within thirty (30) calendar days after the conclusion of the Settlement Period, Defendants will provide Class Counsel with the following information current as of the end of the most recent calendar quarter: a list of the Plan's investment options, the fees for those investment alternatives, and a copy of the Investment Policy Statement(s) (if any) for the Plan. (5) Before the expiration of the Settlement Period, Defendants or their consultant shall initiate a request for proposal ("RFP") for recordkeeping and administrative services.  Within sixty (60) days after the conclusion of the RFP, Defendants shall notify Class Counsel that they have fulfilled this obligation. (6) Defendants agree to instruct the current recordkeeper of the Plan in writing within ninety (90) calendar days of the Settlement Effective Date that, in performing previously agreed-upon recordkeeping services with respect to the Plan, the recordkeeper must not use information received as a result of providing services to the Plan and/or the Plan's participants to solicit the Plan's current participants for the purpose of cross-selling non-Plan products and services, including, but not limited to, Individual Retirement Accounts ("IRAs"), non-Plan managed account services, life or disability insurance, investment products, and wealth management services, unless in response to a request by a Plan participant. In the event Defendants enter into a new recordkeeping agreement with an existing recordkeeper or a new recordkeeper during the Settlement Period, Defendants agree that any resulting contract shall include a provision restricting the recordkeeper from

Exhibit 3

using information received as a result of providing services to the Plan and/or the Plan's participants for the purpose of soliciting the Plan's current participants for the purpose of cross-selling non-Plan products and services, unless in response to a request by a Plan participant.

### Release

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as all Defendants and other "Released Parties" from "Released Claims." The Released Parties include (a) The University of Pennsylvania, the Investment Committee, Jack Heuer; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at UPenn403BSettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.UPenn403BSettlement.com.

### Statement of Attorneys' Fees and Costs Sought in the Class Action

Since mid-2016, Class Counsel has devoted many hours investigating potential claims, bringing this case and handling it. Class Counsel reviewed thousands of pages of documents produced in this case and, prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to monitor for three years compliance with the Settlement Agreement; (3) to enforce the Settlement Agreement in accordance with its terms; and (4) to do each of these without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,333,333, in addition to no more than $410,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each, for six Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of

Exhibit 3

the case by Class Counsel and providing information for the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, UPenn403BSettlement.com.

### 1.  Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because the Plans' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2.  What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, the Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to its management, operation and administration of the Plan, including allowing excessive fees and imprudent investments in the Plan.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible. Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA, and in the best interests of the Plans' participants, including by monitoring, reviewing, and evaluating the Plans' investment options, by monitoring, reviewing, and evaluating the administrative fees paid by the Plans, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plans to ensure that the Plans paid reasonable fees for the services provided.

### 3.  Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

### 4.  How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper(s), or, if on January 14, 2021, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1.  The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;

Exhibit 3

2.   All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

3.   An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);

4.   For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;

5.   Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at UPenn403BSettlement.com.

There are approximately xx,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

**5.   How Can I Receive My Distribution?**

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the Plan's records, you are a Current Participant. Therefore, you do not need to do anything to receive your share of the Settlement.**

**6.   When Will I Receive My Distribution?**

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the second half of 2021.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

**7.   Can I Get Out Of The Settlement?**

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

**8.   Do I Have A Lawyer In The Case?**

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

**9.   How Will The Lawyers Be Paid?**

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $4,333,333 in fees and $410,000 in costs and Class Counsel will also monitor compliance with the Settlement for three years without charge and has committed to bring an enforcement action, if needed, to enforce the Settlement, also with no charge. The Court will determine what fees and costs will be approved.

Exhibit 3

**10. How Do I Tell The Court If I Don't Like The Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXX XX, 2021. The Court's address is Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Your written objection also must be mailed to the lawyers listed below, **no later than XXXX XX, 2021.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Univ. of Pennsylvania 403(b) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>UPenn403bSettlement@uselaws.com | MORGAN, LEWIS & BOCKIUS LLP<br>Attn: Christopher Boran<br>77 W. Wacker Dr.<br>Chicago, IL 60601-5094<br>(Christopher.Boran@morganlewis.com) |

**11. When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at XXXXXX, at the United States District Court for the Eastern District of Pennsylvania, Courtroom 10-B, 10613 U.S. Courthouse, Philadelphia, PA 19106.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**12. Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**13. May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than XXXX XX, 2021**.

**14. What Happens If I Do Nothing At All?**

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved. According to the Plans' records, you are a Current Participant.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved,

Exhibit 3

BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

| **15.  How Do I Get More Information?** |
| --- |

If you have general questions regarding the Settlement, you can visit this website: UPenn403BSettlement.com, call 1-XXX-xxx-xxxx, or write to the Settlement Administrator at Univ. of Pennsylvania 403(b) Settlement Administrator, XXXXXXXX, XXXXXX XX XXXXX.

Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | |
|---|---|
| JENNIFER SWEDA, ET AL., | |
| *Plaintiffs*, | |
| v. | No. 2:16-cv-4329-GEKP |
| THE UNIVERSITY OF PENNSYLVANIA, ET AL., | |
| *Defendants*. | |

**NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**

**Your rights might be affected if you are a member of the following class:**

All participants and beneficiaries of the University of Pennsylvania Matching Plan, the Supplemental Retirement Annuity Plan of the University of Pennsylvania, and the University of Pennsylvania Basic Plan (collectively referred to as either Plan or Plans) from August 10, 2010 through January 14, 2021, excluding the Defendants.

The Class Period is defined as August 10, 2010 through January 14, 2021.  For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**

The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of January 14, 2021 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of January 14, 2021 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.

The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 13, 2021. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at UPenn403BSettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.

Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.

The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

Exhibit 4

A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs and for Class Representatives' Compensation will take place on XXXX XX, 2021 at xx:xx a.m., before United States District Court Judge Gene E.K. Pratter in Courtroom 10B, 10613 U.S. Courthouse, Philadelphia, PA 19106.

Any objections to the Settlement, to the petition for Attorneys' Fees and Costs, or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 5 of this Settlement Notice.

Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at UPenn403BSettlement.com.

> **According to the Plans' records, you are a Former Participant. If you believe instead that you meet the definition of a Current Participant, please contact the Settlement Administrator. Former Participants are individuals who no longer had an account balance in one or more of the Plans greater than $0 as of January 14, 2021.**

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A FORMER PARTICIPANT. YOU MUST RETURN THE ENCLOSED FORMER PARTICIPANT CLAIM FORM BY XXXXX XX, 2021 TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Former Participant, you must return a Former Participant Claim Form that is postmarked or electronically filed by XXXX XX, 2021 to receive your share of the Net Settlement Amount. If you do not return the Former Participant Claim Form that is postmarked or electronically filed by XXXX XX, 2021, you will forfeit your share of the Net Settlement Amount, even though you will be bound by the Settlement, including the release. A claim form is enclosed with this notice but may also be obtained by accessing UPenn403bSettlemnt.com. |
| **YOU CAN OBJECT (NO LATER THAN XXXX XX, 2021)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek discovery, including the production of documents and appearance at a deposition, from any person who files an objection. |
| **YOU CAN ATTEND A HEARING ON XXX XX, 2021** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by XXXXX XX, 2021, of your intention to appear at the hearing. |

### The Class Action

The case is called *Sweda et al. v. University of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.) (the "Class Action"). The Court supervising the case is the United States District Court for the Eastern District of Pennsylvania. The individuals who brought this suit are called Class Representatives, and the entities they sued are called the Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are the University of Pennsylvania and certain affiliates and individuals. The Class Representatives' claims are described below, and additional information about them is available at UPenn403BSettlement.com.

### The Settlement

The Settlement was reached on January 13, 2021. Class Counsel filed this action on August 10, 2016. Since the filing of the case and for a period of over three years, the parties engaged in substantial litigation. Class Counsel devoted substantial time and effort to review and analyze tens of thousands of pages of documents produced by Defendants and hundreds of thousands of pages of other documents to support their underlying

Exhibit 4

claims. The Settling Parties engaged in substantial settlement discussions without a mediator. Only after extensive arm's length negotiation were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $13,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $13,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan(s). Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

### Additional Provisions in the Settlement

In addition to the monetary component, the Settlement contains Defendants' acknowledgement that in or around Spring 2021, the Plans (i) will begin utilizing a single recordkeeper for recordkeeping and administrative services and be charged for those services on a fixed-fee (per Plan participant) basis and (ii) intend to offer an updated investment menu, including investment options offered in the lowest-cost share class available to the Plans. The Settlement further provides the following additional terms for a Settlement Period of three years from the Settlement Effective Date: (1) in connection with the implementation of the updated investment menu in or around Spring 2021, the Plan fiduciaries will inform Plan participants of their ability to redirect their assets held in any frozen investment options to investment options available in the updated investment menu or brokerage account option. (2) Defendants shall continue to provide annual training to Plan fiduciaries regarding their fiduciary duties under ERISA. (3) To the extent an asset-based fee is used to offset a fixed-fee for recordkeeping and administrative services, any asset-based fee collected in excess of the fixed-fee amount and not used to defray reasonable expenses of administering the Plan shall be rebated back to Plan participants. The Plan shall allocate excess amounts to participants in a manner the Plan fiduciaries determine to be fair, equitable, and appropriate under the circumstances. (4) Within thirty (30) calendar days after the end of each year of the Settlement Period, and within thirty (30) calendar days after the conclusion of the Settlement Period, Defendants will provide Class Counsel with the following information current as of the end of the most recent calendar quarter: a list of the Plan's investment options, the fees for those investment alternatives, and a copy of the Investment Policy Statement(s) (if any) for the Plan. (5) Before the expiration of the Settlement Period, Defendants or their consultant shall initiate a request for proposal ("RFP") for recordkeeping and administrative services.  Within sixty (60) days after the conclusion of the RFP, Defendants shall notify Class Counsel that they have fulfilled this obligation. (6) Defendants agree to instruct the current recordkeeper of the Plan in writing within ninety (90) calendar days of the Settlement Effective Date that, in performing previously agreed-upon recordkeeping services with respect to the Plan, the recordkeeper must not use information received as a result of providing services to the Plan and/or the Plan's participants to solicit the Plan's current participants for the purpose of cross-selling non-Plan products and services, including, but not limited to, Individual Retirement Accounts ("IRAs"), non-Plan managed account services, life or disability insurance, investment products, and wealth management services, unless in response to a request by a Plan participant. In the event Defendants enter into a new recordkeeping agreement with an existing recordkeeper or a new recordkeeper during the Settlement Period, Defendants agree that any resulting contract shall include a provision restricting the recordkeeper from using information received as a result of providing services to the Plan and/or the Plan's participants for the purpose of soliciting the Plan's current participants for the purpose of cross-selling non-Plan products and services, unless in response to a request by a Plan participant.

Exhibit 4

**Release**

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as all Defendants and other "Released Parties" from "Released Claims." The Released Parties include (a) The University of Pennsylvania, the Investment Committee, Jack Heuer; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s); (d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action or would be barred by the principle of res judicata had the claims asserted been fully litigated and resulted in final judgment; and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at UPenn403BSettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at UPenn403BSettlement.com.

**Statement of Attorneys' Fees and Costs Sought in the Class Action**

Since mid-2016, Class Counsel has devoted many hours investigating potential claims, bringing this case and handling it. Class Counsel reviewed thousands of pages of documents produced in this case and, prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to monitor for three years compliance with the Settlement Agreement; (3) to enforce the Settlement Agreement in accordance with its terms; and (4) to do each of these without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,333,333, in addition to no more than $410,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each, for nine Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and providing information for the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

Exhibit 4

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, UPenn403BSettlement.com.

| 1.   Why Did I Receive This Settlement Notice? |
|---|

The Court caused this Settlement Notice to be sent to you because the Plans' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| 2.   What Is The Class Action About? |
|---|

In the Class Action, Class Representatives claim that, during the Class Period, the Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to its management, operation and administration of the Plan, including allowing excessive fees and imprudent investments in the Plan.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible. Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA, and in the best interests of the Plans' participants, including by monitoring, reviewing, and evaluating the Plans' investment options, by monitoring, reviewing, and evaluating the administrative fees paid by the Plans, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plans to ensure that the Plans paid reasonable fees for the services provided.

| 3.   Why Is There A Settlement? |
|---|

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

| 4.   How Much Will My Distribution Be? |
|---|

The amount, if any, that will be allocated to you will be based upon records maintained by the Plans' recordkeeper(s), or, if on January 14, 2021, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1.  The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;

5

Exhibit 4

2.  All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;

3.  An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);

4.  For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;

5.  Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at UPenn403BSettlement.com.

There are approximately xx,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive a check if and to the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

| 5. | **How Can I Receive My Distribution?** |
|---|---|

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the Plans' records, you are a Former Participant. Therefore, you need to submit a claim form to receive your share of the Settlement.**

| 6. | **When Will I Receive My Distribution?** |
|---|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur during the second half of 2021.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

| 7. | **Can I Get Out Of The Settlement?** |
|---|---|

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

| 8. | **Do I Have A Lawyer In The Case?** |
|---|---|

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 9. | **How Will The Lawyers Be Paid?** |
|---|---|

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $4,333,333 in fees and $410,000 in costs and Class Counsel will also monitor compliance with the Settlement for three years without charge and has committed to bring an enforcement action, if needed, to enforce the Settlement, also with no charge. The Court will determine what fees and costs will be approved.

Exhibit 4

**10. How Do I Tell The Court If I Don't Like The Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than XXXXX XX, 2021. The Court's address is Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Your written objection also must be mailed to the lawyers listed below, **no later than XXXX XX, 2021.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| CLASS COUNSEL | DEFENDANTS' COUNSEL |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Univ. of Pennsylvania 403(b) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>UPenn403bSettlement@uselaws.com | MORGAN, LEWIS & BOCKIUS LLP<br>Attn: Christopher Boran<br>77 W. Wacker Dr.<br>Chicago, IL 60601-5094<br>(Christopher.Boran@morganlewis.com) |

**11. When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold a Fairness Hearing at xx:xx a.m. on XXXXXX, 2021, at the United States District Court for the Eastern District of Pennsylvania, Courtroom 10-B, 10613 U.S. Courthouse, Philadelphia, PA 19106.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

**12. Do I Have To Attend The Fairness Hearing?**

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

**13. May I Speak At The Fairness Hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than XXXX XX, 2021**.

**14. What Happens If I Do Nothing At All?**

**If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved.**

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, BUT YOU WILL <u>NOT</u> RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.

Exhibit 4

**According to the Plans' records, you are a Former Participant, so you will need to submit a Former Participant Claim Form in order to receive your share of the Settlement**

| 15.  How Do I Get More Information? |
| --- |

If you have general questions regarding the Settlement, you can visit this website: UPenn403BSettlement.com, call 1-XXX-xxx-xxxx, or write to the Settlement Administrator at Univ. of Pennsylvania 403(b) Settlement Administrator, XXXXXXXX, XXXXXX XX XXXXX.

8

Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

JENNIFER SWEDA, ET AL.,

                        *Plaintiffs*,

  v.

THE UNIVERSITY OF PENNSYLVANIA, ET AL.,

                        *Defendants*.

No. 2:16-cv-4329-GEKP

**[PROPOSED] FINAL ORDER AND JUDGMENT**

Upon consideration of the Plaintiffs' Unopposed Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Class Action Settlement Agreement dated January 13, 2021, (the "Settlement Agreement"), the Court hereby orders and adjudges as follows:

1.      For purposes of this Final Order and Judgment, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2.      In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., notice was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

3.      The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable

Exhibit 5

under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

4.      All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*., have been met.

5.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court.

6.      Each and every objection to the Settlement is overruled with prejudice.

7.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the Settlement of the Litigation is **APPROVED** as fair, reasonable, and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

8.      The operative complaint and all claims asserted therein in the Litigation are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

9.      The Plans, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of

Exhibit 5

Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

10.     The Class Representatives, the Class Members, and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement.

11.     Class Counsel, the Class Representatives, the Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Defendants and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative each Class Member, and the Plans has and have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Representatives, Class Members, and the Plans have hereby acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in the Settlement Agreement of which this release is a part.

12.     The Class Representatives, Class Members, and the Plans hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the

3

Exhibit 5

future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party." The Class Representatives, Class Members, and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

13.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Class Members herein pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Order and the Settlement Agreement. Any motion to enforce paragraphs 8 through 12 of this Final Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

14.     Each Class Member shall hold harmless Defendants, Defense Counsel and the Released Parties for any claims, liabilities, attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

Exhibit 5

15.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant.

16.     With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

17.     With respect to any matters that arise concerning the implementation of distributions to Current Participants (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plans in accordance with applicable law and the governing terms of the Plans.

18.     Within three (3) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment.

19.     Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Final Order.

**IT IS SO ORDERED.**

DATED: _____, 2021

_____
HON. GENE E.K. PRATTER.
UNITED STATES DISTRICT JUDGE

5

Exhibit 5

January ___, 2021

**VIA FEDERAL EXPRESS**

[Department]
[Address]

Re:    *Sweda, et al., v. Univ. of Pennsylvania, et al.*,
           <u>Case No. 2:16-cv-4329, (E.D. Pa.), Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

On behalf of Defendants University of Pennsylvania, Investment Committee, and Jack Heuer (collectively "Defendants"), RG2 Claims Administration, LLC, the Settlement Administrator, hereby provides this Notice of a Proposed Class Action Settlement in the above-referenced class actions pursuant to the Class Action Fairness Act of 2005 ("CAFA"). The proposed settlement will resolve the case.

In accordance with its obligations under CAFA, the Settlement Administrator encloses the following:

**(1)**      **The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiffs' Class Action Complaint and Second Amended Complaint filed in the *Sweda, et al., v. University of Pennsylvania, et al.* case can be found on the enclosed CD as "Exhibit 1- Univ. Of Penn. Complaints."

**(2)**      **Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a fairness hearing regarding the settlement. Once the Court sets a hearing date, such date(s) can be found on PACER as follows: (1) enter

Exhibit 6

Addressee
January __, 2021
Page 2

PACER through https://ecf.paed.uscourts.gov/cgi-bin/login.pl, (2) click on "Query,"  (3) enter the civil case number, 2:16-cv-4329, (4) click on "Run Query," and (5) click on the link "Docket Report."  The order(s) scheduling hearing(s) will be found on the docket entry sheet.

**(3)    Any proposed or final notification to class members.**

The proposed Notices of Class Action Settlement as submitted to the Court can be found on the enclosed CD as "Exhibit 2 – Notice of Class Action Settlement and Fairness Hearing to Class Members."

**(4)    Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties and as submitted to the Court can be found on the enclosed CD as "Exhibit 3 – Settlement Agreement."  There are no other agreements contemporaneously made between Class Counsel and counsel for the defendants.

**(5)    A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online as follows:  (1) enter PACER through https://ecf.paed.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 2:16-cv-4329, (4) click on "Run Query," and (5) click on the link "Docket Report." The order(s) entering final judgment will be found on the docket entry sheet.

**(6)    Names of class members who reside in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

On the enclosed CD is a list of the currently known names of Class Members who reside in your state.  As of today, it is not feasible to identify the names of every Class Member who resides in your state; the list of names contained in the attached CD represents our best current estimate of the total number of Class Members resident in your state.  The specific settlement allocation to each Class Member will be determined by the Settlement Administrator according to a Court-approved formula.  As a result, we do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the claims of the Class Members who reside in each state to the entire settlement.  Upon final approval of the Court, the settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

Exhibit 6

Addressee
January __, 2021
Page 3

**(7)     Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered a Preliminary Approval Order or any opinions relating to the materials described in sections (3) through (5).  Upon entry, a copy of said Order or opinion can be found online through the process described in section (5) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be found online through the process described in section (5) above.

If you have questions about this notice, the lawsuits, or the enclosed materials, please do not hesitate to contact me.

Sincerely,

Enclosures

Exhibit 6