

Gallagher Fiduciary Advisors, LLC
250 Park Avenue, 5th Floor
New York, NY 10177 USA

212-918-9666
www.ajg.com

September 24, 2021

**_VIA ELECTRONIC MAIL_**

Christopher Boran, Esq.
Morgan, Lewis & Bockius LLP
77 W. Wacker Drive
Chicago, IL 60601

Re:   Sweda, et al. v. The University of Pennsylvania, et al.

Dear Mr. Boran:

Pursuant to the agreement between The University of Pennsylvania, and Gallagher Fiduciary Advisors, LLC ("Gallagher"), Gallagher has been engaged to act as the independent fiduciary of The University of Pennsylvania Matching Plan, The University of Pennsylvania Supplemental Retirement Annuity Plan and The University of Pennsylvania Basic Plan (collectively, the "Plans") in connection with the Settlement Agreement (the "Settlement Agreement") in Sweda, et al. v. The University of Pennsylvania, et al., 2:16-cv-4329 (E.D. PA), executed on January 14, 2021.

This will confirm that, on behalf of the Plans, and in its capacity as independent fiduciary, Gallagher approves and authorizes the settlement of Released Claims, as defined in the Settlement Agreement. In making our determination, Gallagher, as the independent fiduciary, has determined that the Settlement Agreement meets the requirements of ERISA Prohibited Transaction Class Exemption 2003-39, as amended.

GALLAGHER FIDUCIARY ADVISORS, LLC

By:   _____
      Darin R. Hoffner
      Area Senior Vice President and
      Area Counsel

cc:   Troy Doles, Esq.
      Brian Ortelere, Esq.
      Elizabeth Solasko, Esq.

Exhibit 2



# SWEDA V. THE UNIVERSITY OF PENNSYLVANIA
# SETTLEMENT OF ERISA LITIGATION

### September 24, 2021

### I.     Summary

Gallagher Fiduciary Advisors, LLC ("Gallagher") was appointed to act as an independent fiduciary for The University of Pennsylvania Matching Plan, The University of Pennsylvania Supplemental Retirement Annuity Plan and The University of Pennsylvania Basic Plan (collectively, the "Plans") in connection with the proposed settlement dated January 14, 2021 of Sweda, et al. v. The University of Pennsylvania, et al., 2:16-cv-4329 (E.D. PA) (the "Litigation") that resolves the ERISA class action claims brought in the Litigation.  All terms not otherwise defined herein shall have the meanings set forth in the Settlement.

Gallagher's responsibilities pursuant to its agreement and the Settlement are to (i) determine whether to approve and authorize the settlement of Released Claims on behalf of the Plans and (ii) determine whether the Settlement satisfies the requirements of the Prohibited Transaction Class Exemption 2003-39 (the "Class Exemption").

Gallagher engaged in the following activities:  (i) we reviewed documents filed with the court, including the Complaint and the Amended Complaints, the motion to dismiss and the Court's order dismissing the case, the decision of the 3rd Circuit Court of Appeals remanding part of the complaint for further proceedings, motion for Preliminary Approval of Class Action Settlement, the Settlement Agreement and Notice, the Order granting preliminary approval of the Settlement, and the Plaintiffs' Motion for Attorneys' Fees;  (ii) we interviewed Troy Doles and Heather Lea from Schlichter Bogard & Denton, LLP, counsel for Plaintiffs; and (iii) we interviewed Christopher Boran, from Morgan Lewis & Bockius, LLP, counsel for Defendants.

### II.    Requirements of the Class Exemption

In order for the Class Exemption to apply, the following conditions must be met:

©2021 Arthur J. Gallagher & Co. All rights reserved.

Exhibit 2



1.  Where the litigation has not been certified as a class action by the court, and no federal or state agency is a plaintiff in the litigation, an attorney or attorneys retained to advise the plan on the claim, and having no relationship to any of the parties, other than the plan, determines that there is a genuine controversy involving the plan.

    - This condition has been met because on June 28, 2021, the Court certified the Class as set forth in the Settlement Agreement.

2.  The settlement is authorized by a fiduciary (the authorizing fiduciary) that has no relationship to, or interest in, any of the parties involved in the claims, other than the plan, that might affect the exercise of such person's best judgment as a fiduciary.

    - Gallagher has no relationship to, or interest in, any of the parties involved in the Litigation that could affect the exercise of its judgment.

3.  The settlement terms, including the scope of the release of claims; the amount of cash received by the plan; the proposed attorney's fee award of one third of the Settlement; and any other sums to be paid from the recoveries, are reasonable in light of the plan's likelihood of full recovery, the value of claims foregone and the risks and costs of litigation.

    - Plaintiffs filed their complaint on August 11, 2016. They amended their complaint on November 21, 2016. Plaintiffs asserted seven counts against Defendants alleging Defendants breached their duty of loyalty and prudence and their duty to monitor other fiduciaries and committed prohibited transactions under ERISA.

    - On January 5, 2017, Defendants moved to dismiss the amended complaint. On September 21, 2017, the Court granted Defendants' motion to dismiss Plaintiffs' amended complaint. Plaintiffs appealed the Court's dismissal, which was overturned by the Third Circuit for counts III and V and remanded for further proceedings. Defendants sought a stay to the mandate while they petitioned the Supreme Court. The Third Circuit denied their motion to stay. Subsequently, Defendants' Petition for Writ of Cert to the Supreme Court was denied.

    - After remand from the Third Circuit, Plaintiffs filed a second amended complaint. The parties then proceeded to discovery. The parties issued written discovery and engaged in extensive written discovery

©2021 Arthur J. Gallagher & Co. All rights reserved.

Exhibit 2



- with almost 15,000 documents produced by the parties or relevant third parties.

- After the materials were thoroughly analyzed, the parties proceeded to the deposition phase of discovery.  In total, the parties took the deposition of thirteen fact witnesses.  During the discovery phase, the parties were engaged with experts in preparation for their expert disclosures and supporting materials.  Plaintiffs were engaged with several consultants and experts on this matter.

- On September 15, 2020, Plaintiffs filed their motion and supporting memorandum for class certification.  Defendants filed their opposition on November 3, 2020, and Plaintiffs filed their reply brief on November 24, 2020.

- At that time, the parties commenced settlement negotiations.  These discussions covered a period of over four weeks and entailed intense, arms-length negotiations.  Ultimately, the parties were able to reach an agreement to settle the case which culminated in the execution of the Settlement Agreement.

- The settlement involves a cash payment to the Plan of $13 million, arrived at after extremely hard fought negotiations by the parties.  The Defendants also agreed to provide non-monetary relief as part of the Settlement.

- Plaintiffs' counsel has applied to the Court to approve its fee request of 1/3 of the settlement amount, or $4,333,333.  On an hourly basis, the lodestar amount would be over $6 million.  The Court will have to determine the fairness of the fee request.

- After a thorough review of the pleadings and interviews with the parties' counsel, Gallagher has concluded that the Settlement was achieved at arms' length and is reasonable given the uncertainties of a larger recovery for the Class at trial and the value of claims foregone.  The fee request is also reasonable in light of the effort expended by Plaintiffs' counsel in the Litigation.

4. The terms and conditions of the transaction are no less favorable to the plan than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.

©2021 Arthur J. Gallagher & Co. All rights reserved.

Exhibit 2



- This condition has been met. The Settlement is at least as favorable as an arms-length transaction agreed to by unrelated parties would likely have been. Counsel for both sides confirmed that the Settlement was the product of arms-length negotiations.

5. The transaction is not part of an agreement, arrangement, or understanding designed to benefit a party in interest.

    - Although the transaction will have the incidental effect of releasing the fiduciaries, the Settlement is not designed to benefit those fiduciaries, but rather to resolve claims that have not been fully adjudicated and to enable the Plans to recover a portion of their losses.

6. Any extension of credit by the plan to a party in interest in connection with the settlement of a legal or equitable claim against the party in interest is on terms that are reasonable, taking into consideration the creditworthiness of the party in interest and the time value of money.

    - The condition is not applicable in that the Settlement does not require the Plans to extend credit to any party in interest.

7. The transaction is not described in Prohibited Transaction Exemption (PTE) 76-1 (relating to delinquent employer contributions to multiemployer and multiple employer collectively bargained plans).

    - Neither the Settlement nor the underlying claims relate to delinquent employer contributions, and the Settlement is therefore not described in PTE 76-1.

8. All the terms of the settlement are specifically described in a written settlement agreement or consent decree.

    - The condition has been met.

9. Assets other than cash may be received by the plan from a party in interest in connection with a settlement in limited, specified circumstances. To the extent assets other than cash are received by the plan in exchange for the release of the plan's or the plan fiduciary's claims, such assets must be specifically described in the written settlement agreement and

©2021 Arthur J. Gallagher & Co. All rights reserved.

Exhibit 2



        valued at their fair market value, as determined in accordance with section 5 of the Voluntary Fiduciary Correction (VFC) Program.

- The condition does not apply because the monetary portion of the Settlement is being paid in cash.

10. The plan does not pay any commissions in connection with the acquisition of assets.

- This condition will be met in that the Settlement provides for a cash payment, and no commission is indicated under the terms of the Settlement.

11. The authorizing fiduciary acting on behalf of the plan has acknowledged in writing that it is a fiduciary with respect to the settlement of the litigation on behalf of the plan.

- The condition has been met.

12. The plan fiduciary maintains or causes to be maintained for a period of six years the records necessary to enable authorized persons to determine whether the conditions of this exemption have been met.

- This condition will be met.

In light of the above factors, it is fair to conclude that the Settlement on the terms described above meets the requirements of the Class Exemption.

Investment advisory, named and independent fiduciary services are offered through Gallagher Fiduciary Advisors, LLC, an SEC Registered Investment Adviser.  Gallagher Fiduciary Advisors, LLC is a single-member, limited-liability company, with Gallagher Benefit Services, Inc. as its single member.  Neither Arthur J. Gallagher & Co., Gallagher Fiduciary Advisors, LLC nor their affiliates provide accounting, legal or tax advice.