DocuSign Envelope ID: B7A0565F-C997-4875-A2E5-54154FD23800

## ESCROW AGREEMENT

This Escrow Agreement dated July 13, 2021, is made among Schlichter Board and Denton ("Class Counsel") and Angeion Group, as escrow agent ("Escrow Agent").

### Recitals

A. This Escrow Agreement governs the deposit, investment and disbursement of the settlement funds that, pursuant to the Class Action Settlement Agreement (the "Settlement Agreement") dated January 13, 2021 attached hereto as Exhibit A, entered into by, among others, Class Counsel on behalf of the Lead Plaintiffs, will be paid to settle the class action ("Class Action") captioned *Sweda v. The University of Pennsylvania et al.*, Case No. 16-4329, pending in United States District Court for the Eastern District of Pennsylvania (the "Court").

B. Pursuant to the terms of the Settlement Agreement, Defendants have agreed to pay or cause to be paid the total amount of $13,000,000 in cash (the "Gross Settlement Amount") in settlement of the claims brought against the Defendants in the Class Action.

C. The Gross Settlement Amount, together with any interest accrued thereon, is to be deposited into escrow and used to satisfy payments to Authorized Current and Former Participants, Class Counsel's attorneys' fees and expenses, payments for tax liabilities incurred by the Gross Settlement Amount, and authorized Administrative Expenses pursuant to the terms of the Settlement Agreement.

D. Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

### Agreement

1. <u>Appointment of Escrow Agent</u>. The Escrow Agent is hereby appointed to receive, deposit and disburse the Settlement Fund upon the terms and conditions provided in this Escrow Agreement, the Settlement Agreement and any other mutually agreed exhibits or schedules later annexed hereto and made a part hereof.

2. <u>The Escrow Account</u>. The Escrow Agent shall establish and maintain an escrow account titled as the *Sweda v. University of Pennsylvania* Settlement (the "Escrow Account") to hold and maintain the Settlement Fund. Pursuant to the Settlement Agreement, Defendants shall cause two million dollars ($2,000,000) to be deposited into the Escrow Account within twenty-one (21) calendar days following entry of the Court's order preliminarily approving the settlement and the remaining balance of eleven million dollars ($11,000,000) to be deposited into the Escrow Account within five (5) business days after the Settlement Effective Date. The Settlement Fund shall be held and invested on the terms and subject to the limitations set forth herein, and shall be released by Escrow Agent in accordance with the terms and conditions hereinafter set forth and set forth in the Settlement Agreement and in orders of the Court approving the disbursement of the Settlement Fund.

Exhibit 3

DocuSign Envelope ID: B7A0565F-C997-4875-A2E5-54154FD23800

3.  **Investment of Settlement Fund**.  Per the Settlement Agreement Sections 5.1 and 5.2, Escrow Agent serving in that dedicated role (5.1), shall invest the Settlement Fund exclusively in an interest-bearing instrument or account within the meaning of Treas. Reg. § 1.468B-1 and backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and credit of the United States Government. Settlement Agreement, Section 5.6. Escrow Agent shall prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur. Settlement Agreement, Section 5.1.

4.  **Escrow Funds Subject to Jurisdiction of the Court**.  The Settlement Fund shall remain subject to the jurisdiction of the Court until such time as the Fund shall be distributed, pursuant to the Settlement Agreement and on further order(s) of the Court.

5.  **Tax Treatment & Report**. As noted above, the Settlement Fund shall be treated at all times as a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. Per Section 5.1, Escrow Agent shall ensure that necessary and timely elections are made as necessary or advisable to fulfill the requirements of such Treasury Regulation, including the "relation-back election" under Treas. Reg. § 1.468B-1(j)(2) if necessary to the earliest permitted date.  For purposes of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" of the Settlement Fund shall be the Escrow Agent. Settlement Agreement, Section 5.2. Class Counsel shall cooperate with Escrow Agent to provide requisite information, if available, to allow Escrow Agent to timely and properly prepare, deliver to all necessary parties for signature, and file all necessary documentation for any elections required under applicable tax laws.

6.  **Tax Payments of Settlement Fund**.  All Taxes with respect to the Settlement Fund, as more fully described in the Settlement Agreement, shall be treated as and considered to be a cost of administration of the Settlement Fund and the Escrow Agent shall timely pay such Taxes out of the Settlement Fund without prior order of the Court**.** As per Section 5 of the Settlement Agreement, Escrow Agent shall be responsible for the timely and proper preparation and delivery of any necessary documentation for signature by all necessary parties, and the timely filing of all tax returns and other tax reports required by law.  Any taxes that may be deemed to be payable by the Defendant, Defense Counsel or Class Counsel by reason of the income earned on the Settlement Fund shall be deemed an Administrative Expense to be deducted and paid from the Gross Settlement Amount as provided in Sections 5.2, 5.3 and 5.9 of the Settlement Agreement. Escrow Agent shall establish such reserves as are necessary to cover the tax liabilities of the Settlement Fund by this paragraph and the provisions of the Settlement Agreement. If the Settlement Fund is returned to the Defendant pursuant to the terms of the Settlement Agreement, the Settling Parties agree to cooperate with the Escrow Agent to the extent necessary to carry out the provisions of the Settlement Agreement in the event the Court does not enter an order of final approval of the Settlement, including providing the Escrow Agent the necessary tax forms.

Exhibit 3

DocuSign Envelope ID: B7A0565F-C997-4875-A2E5-54154FD23800

7. <u>Disbursement Instructions</u>

(a) Escrow Agent may, without further order of the Court or authorization by Class Counsel disburse the funds necessary to pay Administration Expenses as defined by the Settlement Agreement. However, Escrow Agent shall use best efforts to notify Class Counsel in advance of each payment to confirm that the expenses meet the definition of Administrative Expense as defined by the Settlement Agreement.

(b) Disbursements other than those described in paragraph 7(a), including disbursements for distribution of the Settlement Fund according to the Plan of Allocation, must be authorized by either (i) an order of the Court, or (ii) the written direction of Class Counsel.

(c) In the event funds transfer instructions are given (other than in writing at the time of execution of this Agreement), whether in writing, by facsimile, e-mail, or otherwise, Escrow Agent will seek confirmation of such instructions by telephone call back or electronic mail with requested receipt when new wire instructions are established to the person or persons designated in subparagraphs (a) and (b) above only if it is reasonably necessary, and Escrow Agent may rely upon the confirmations of anyone purporting to be the person or persons so designated.  It will not be reasonably necessary to seek confirmation if Escrow Agent receives written letters authorizing a disbursement from each of the law firms of Class Counsel and Defense Counsel required in subparagraphs (a) and (b), as applicable, on their letterhead and signed by one of the persons designated in subparagraphs (a) and (b).  To assure accuracy of the instructions it receives, Escrow Agent may record such calls back.  If Escrow Agent is unable to verify the instructions, or is not satisfied with the verification it receives, it shall not execute the instruction until all issues have been resolved.  The persons and telephone numbers for calls back may be validly changed only in a writing that (i) is signed by the party changing its notice designations, and (ii) is received and acknowledged by Escrow Agent.  Class Counsel will notify Escrow Agent of any errors, delays or other problems within 30 days after receiving notification that a transaction has been executed. If it is determined that the transaction was delayed or erroneously executed as a result of Escrow Agent's error, Escrow Agent's sole obligation is to pay or refund the amount of such error and any amounts as may be required by applicable law. Any claim for interest payable will be at the then-published rate for United States Treasury Bills having a maturity of 91 days.

(d) The Escrow Agent shall not be liable for any losses, costs or expenses arising directly or indirectly from the Escrow Agent's reliance upon and compliance with such instructions or any valid subsequent written instruction. The party providing electronic instructions agrees (i) to assume all risks arising out of the use of such electronic methods to submit instructions and directions to the Escrow Agent, including, without limitation, the risk of the Escrow Agent acting on unauthorized instructions, except as limited above, and the risk or interception and misuse by third parties; (ii) that it is fully informed of the protections and risks associated with the various methods of transmitting instructions to the Escrow Agent and that there may be more secure methods of transmitting instructions than the method(s) selected by the Escrow Agent; and (iii) that the security procedures (if any) to be followed in connection with its

Exhibit 3

DocuSign Envelope ID: B7A0565F-C997-4875-A2E5-54154FD23800

transmission of instructions provide to it a commercially reasonable degree of protection in light of its particular needs and circumstances.

(e) It is understood and agreed that fund transfers may be accomplished by way of written check or other valid written instrument.

8. <u>Termination of Settlement</u>. If the Settlement Agreement terminates in accordance with its terms, Class Counsel shall notify Escrow Agent of the termination of the Settlement Agreement. Upon such notification, the balance of the Settlement Fund, together with any interest earned thereon, less any Administrative Expenses paid and actually incurred in accordance with the terms of the Settlement Agreement but not yet paid, and any unpaid Taxes due, shall be returned to the Defendant in accordance with instruction from the Defense Counsel.

9. <u>Fees</u>. All fees and expenses of Escrow Agent shall be paid solely from the Settlement Fund. The Escrow Agent may pay itself such fees from the Settlement Fund only after such fees have been approved for payment by Class Counsel. If Escrow Agent is asked to provide additional services, such as the preparation and administration of payments to Authorized Claimants, a separate agreement and fee schedule will be entered into.

10. <u>Compensation of Custodial Bank</u>. Escrow Agent intends to use The Huntington Bank, Federal Reserve Routing Number: 044000024, 41 S High Street, Columbus OH 43287 as the custodial bank to maintain or invest the Settlement Fund in an interest-bearing instrument or account as required above, Escrow Agent shall utilize its best efforts to provide Class Counsel a complete disclosure of all compensation the bank or other third party may receive as a result of this interest-bearing instrument or account. Compensation shall include all forms of compensation including any direct or indirect dollars, soft dollar payments, float, and/or finder's fees. The Huntington National Bank has disclosed to Class Counsel and the Escrow Agent that its estimated compensation, as defined above, as a result of this Settlement is $335.94.

11. <u>Duties, Liabilities and Rights of Escrow Agent</u>. This Escrow Agreement and the terms of the Settlement Agreement set forth all of the obligations of Escrow Agent, and no additional obligations shall be implied from the terms of this Escrow Agreement or any other agreement, instrument or document.

(a) Escrow Agent may act in reliance upon any instructions, notice, certification, demand, consent, authorization, receipt, power of attorney or other writing delivered to it by Class Counsel, as provided herein and as contained in the Settlement Agreement, without being required to determine the authenticity or validity thereof or the correctness of any fact stated therein, the propriety or validity of the service thereof, or the jurisdiction of the court issuing any judgment or order. Escrow Agent may act in reliance upon any signature which is reasonably believed by it to be genuine, and may assume that such person has been properly authorized to do so.

(b) Escrow Agent may consult with legal counsel of its selection in the event of any dispute or question as to the meaning or construction of any of the provisions hereof or its duties hereunder, and it shall incur no liability and shall be fully protected to the extent Escrow

DocuSign Envelope ID: B7A0565F-C997-4875-A2E5-54154FD23800

Agent acts in accordance with the reasonable opinion and instructions of counsel. Escrow Agent shall have the right to reimburse itself for reasonable legal fees and reasonable and necessary disbursements and expenses actually incurred from the Escrow Account only (i) upon approval by Class Counsel or (ii) pursuant to an order of the Court.

(c) The Escrow Agent, or any of its affiliates, is authorized to manage, advise, or service any money market mutual funds in which any portion of the Settlement Fund may be invested. However, any management, advice or service provided shall not result in any additional compensation to the Escrow Agent. Any compensation derived from these services, if any, shall be remitted to the Settlement Fund.

(d) Escrow Agent is authorized to hold any treasuries held hereunder in its federal reserve account. However, any holdings in any treasury in its federal reserve account shall not result in any additional compensation beyond that described in this agreement. Any compensation derived from these holdings, if any, shall be remitted to the Settlement Fund.

(e) Escrow Agent shall not bear any risks related to the investment of the Settlement Fund provided that the provisions of paragraph 3 of this Escrow Agreement are fully met.

(f) Escrow Agent shall not bear any liability or be responsible for the payment of any damages that result from Class Counsel's bad faith, willful misconduct or gross negligence, such damages and costs associated with the finding of such damages are to be paid by Class Counsel.

(g) Upon distribution of all of the funds in the Escrow Account pursuant to the terms of this Escrow Agreement, the Settlement Agreement and any orders of the Court, Escrow Agent shall be relieved of any and all further obligations and released from any and all liability under this Escrow Agreement, except as otherwise specifically set forth herein.

(h) In the event any dispute shall arise between the parties with respect to the disposition or disbursement of any of the assets held hereunder, the Escrow Agent shall be permitted to interplead all of the assets held hereunder into a court of competent jurisdiction, and thereafter be fully relieved from any and all liability or obligation with respect to such interpleaded assets. Class Counsel further agrees to pursue any redress or recourse in connection with such a dispute, without making the Escrow Agent a party to same.

12. <u>Non-Assignability by Escrow Agent</u>. Escrow Agent's rights, duties and obligations hereunder may not be assigned or assumed without the written consent of Class Counsel.

13. <u>Resignation of Escrow Agent</u>. Escrow Agent may, in its sole discretion, resign and terminate its position hereunder at any time following 120 days prior written notice to the parties to the Escrow Agreement herein. On the effective date of such resignation, Escrow Agent shall deliver this Escrow Agreement together with any and all related instruments or documents and all funds in the Escrow Account to the successor Escrow Agent, subject to this Escrow Agreement. If a successor Escrow Agent has not been appointed prior to the expiration of 120 days following the date of the notice of such resignation, then Escrow Agent may petition the Court for the

Exhibit 3

DocuSign Envelope ID: B7A0565F-C997-4875-A2E5-54154FD23800

appointment of a successor Escrow Agent, or other appropriate relief. Any such resulting appointment shall be binding upon all of the parties to this Escrow Agreement.

14. <u>Notices</u>. Notice to the parties hereto shall be in writing and delivered by hand-delivery, facsimile, electronic mail or overnight courier service, addressed as follows:

> If to Class Counsel:   Jerome J. Schlichter
> Schlichter Bogard and Denton
> 100 South Fourth Street
> Suite 1200
> Saint Louis, Missouri 63102

> If to Escrow Agent:   Angeion Group
> Shawn Naugle
> 1650 Arch Street, Suite 2210
> Philadelphia, PA 19103
> Telephone: (215) 400-2199
> E-mail: snaugle@AngeionGroup.com

15. <u>Patriot Act Warranties</u>. Section 326 of the USA Patriot Act (Title III of Pub. L. 107-56), as amended, modified or supplemented from time to time (the "Patriot Act"), requires financial institutions to obtain, verify and record information that identifies each person or legal entity that opens an account (the "Identification Information"). The parties to this Escrow Agreement agree that they will provide the Escrow Agent with such Identification Information as the Escrow Agent may request in order for the Escrow Agent to satisfy the requirements of the Patriot Act.

16. <u>Entire Agreement</u>. This Escrow Agreement, including all Schedules and Exhibits hereto, including the Settlement Agreement, constitute the entire agreement and understanding of the parties hereto. Any modification of this Escrow Agreement or any additional obligations assumed by any party hereto shall be binding only if evidenced by a writing signed by each of the parties hereto. To the extent this Escrow Agreement conflicts in any way with the Settlement Agreement, the provisions of the Settlement Agreement shall govern.

17. <u>Governing Law</u>. This Escrow Agreement shall be governed by the law of the Commonwealth of Pennsylvania in all respects. The parties hereto submit to the jurisdiction of the Court, in connection with any proceedings commenced regarding this Escrow Agreement, including, but not limited to, any interpleader proceeding or proceeding Escrow Agent may commence pursuant to this Escrow Agreement for the appointment of a successor escrow agent, and all parties hereto submit to the jurisdiction of such Court for the determination of all issues in such proceedings, without regard to any principles of conflicts of laws, and irrevocably waive any objection to venue or inconvenient forum.

Exhibit 3

17. <u>Termination of Escrow Account</u>. The Escrow Account will terminate after all funds deposited in it, together with all interest earned thereon, are disbursed in accordance with the provisions of the Settlement Agreement and this Escrow Agreement.

18. <u>Miscellaneous Provisions</u>.

(a) <u>Counterparts</u>. This Escrow Agreement may be executed in one or more counterparts, each of which counterparts shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same Escrow Agreement.

(b) <u>Further Cooperation</u>. The parties hereto agree to do such further acts and things and to execute and deliver such other documents as Escrow Agent may request from time to time in connection with the administration, maintenance, enforcement or adjudication of this Escrow Agreement in order to (a) give Escrow Agent confirmation and assurance of Escrow Agent's rights, powers, privileges, remedies and interests under this Agreement and applicable law, (b) better enable Escrow Agent to exercise any such right, power, privilege or remedy, or (c) otherwise effectuate the purpose and the terms and provisions of this Escrow Agreement, each in such form and substance as may be acceptable to Escrow Agent.

(c) <u>Non-Waiver</u>. The failure of any of the parties hereto to enforce any provision hereof on any occasion shall not be deemed to be a waiver of any preceding or succeeding breach of such provision or any other provision.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

Angeion Group, as Escrow Agent

By: _____Shawn Naugle_____

Class Counsel

By: _____Jerome J. Sillick_____

7

Exhibit 3