| | |
|---|---|
| From: | Sara C |
| To: | UPenn403bSettlement; hristopher.Boran@morganlewis.com |
| Subject: | Re: UPenn 403b Plan Notice of Class Action Settlement |
| Date: | Tuesday, August 31, 2021 5:47:19 PM |

Dear Counsel,

Regarding the above settlement and release: I do not consent to any settlement or release. I do not waive any rights. I don't even understand what this is about from this vague notice and I do not believe I should be required to research it to preserve any rights. I opt out of everything and anything I can opt out of, do not agree to anything, do not consent to anything, object to any change in my rights, property, obligations, and any other attribute associated with me. I especially do not grant any releases to anyone of any kind or nature.

I do not support any class settlement; class action settlements are always far below private settlements and I am confident will be unfair to me, as I am not at the table. If you are unwilling to go to trial, I don't want you litigating on my behalf.
Thank you.
Sara

On Fri, Aug 27, 2021 at 1:55 PM Univ. of Pennsylvania 403 Settlement Administrator <DoNotReply@upenn403bsettlementclaim.com> wrote:

> **IN THE UNITED STATES DISTRICT COURT**
> **FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
> **PHILADELPHIA DIVISION**
>
> JENNIFER SWEDA, ET AL.,
>
>     Plaintiff,
>
> v.      No. 2:16-cv-4329-GEKP
>
> THE UNIVERSITY OF PENNSYLVANIA, ET AL.,
>
>     Defendant.
>
> **NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING**
>
> **Your rights might be affected if you are a member of the following class:**
>
> All participants and beneficiaries of the University of Pennsylvania Matching Plan, the Supplemental Retirement Annuity Plan of the University of Pennsylvania, and the University of Pennsylvania Basic Plan (collectively referred to as either Plan or Plans) from August 10, 2010 through January 14, 2021, excluding the Defendants.
>
> The Class Period is defined as August 10, 2010 through January 14, 2021. For purposes of this Notice, if not defined herein, capitalized terms have the definitions in the Settlement Agreement, which is incorporated herein by reference.
>
> **IF YOU HAVE ANY OBJECTION TO THE SETTLEMENT DESCRIBED IN THIS NOTICE, YOU HAVE UNTIL SEPTEMBER 27, 2021 TO FILE YOUR WRITTEN OBJECTION WITH THE COURT.**
>
> **PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.**
>
> The Court has given its preliminary approval to a proposed settlement (the "Settlement") of a class action lawsuit brought by certain participants in the Plans alleging violations of the Employee Retirement Income Security Act ("ERISA"). The Settlement will provide for the allocation of monies directly into the individual accounts of the Settlement Class who had Plan accounts during the Class Period with a balance greater than $0 as of January 14, 2021 ("Current Participants"). Class Members who are entitled to a distribution but who no longer had a Plan account with a balance greater than $0 as of January 14, 2021 ("Former Participants") will receive their allocation in the form of a check mailed to their last known address or a rollover, if elected.
>
> The terms and conditions of the Settlement are set forth in the Settlement Agreement dated January 13, 2021. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at UPenn403BSettlement.com. Any amendments to the Settlement Agreement or any other settlement documents will be posted on that website. You should visit that website if you would like more information about the Settlement and any subsequent amendments to the Settlement Agreement or other changes, including changes to the Plan of Allocation, the date, time, or location of the Fairness Hearing, or other Court orders concerning the Settlement.
>
> Your rights and options — and the deadlines to exercise them — are explained in this Settlement Notice.
>
> Only if the Court gives final approval to the Settlement, and only if that approval is upheld in the event of an appeal, will payments under the Settlement be made.
>
> A hearing on the final approval of the Settlement and for approval of the Class Representatives' petition for Attorneys' Fees and Costs

Exhibit 4

and for Class Representatives' Compensation will take place on October 27, 2021 at 10:00 a.m., before United States District Court Judge Gene E.K. Pratter in Courtroom 10B, 601 Market Street, Philadelphia, PA 19106.

Any objections to the Settlement, to the petition for Attorneys' Fees and Costs, or to Class Representatives' Compensation, must be served in writing on Class Counsel and Defendants' Counsel, as identified on page 7 of this Settlement Notice.

Further information regarding the litigation, the Settlement, and this Settlement Notice, including any changes to the terms of the Settlement and all orders of the Court regarding the Settlement, may be obtained at www.UPenn403BSettlement.com.

> According to the Plans' records, you are a Current Participant. If you believe instead that you meet the definition of a Former Participant, please contact the Settlement Administrator. Current Participants include both participants who are current employees and participants who are no longer employed by Univ. of Pennsylvania but continue to have an account balance in one or more of the Plans.

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **OUR RECORDS INDICATE THAT YOU ARE A CURRENT PARTICIPANT. YOU DO NOT NEED TO DO ANYTHING TO PARTICIPATE IN THE SETTLEMENT** | Our records indicate that you are a Current Participant because you had an account balance in one or more of the Plans as of January 14, 2021. If, however, you are a Former Participant who participated in one or more of the Plans during the Class Period and did not have a balance greater than $0 as of January 14, 2021 or are the beneficiary, alternate payee, or attorney-in-fact of such a person, then, unlike a Current Participant, you must return a Former Participant Claim Form that is postmarked or electronically filed by October 17, 2021 to receive a check for your share of the Net Settlement Amount. If you are a Former Participant, and you do not return the Former Participant Claim Form that is postmarked or electronically filed by October 17, 2021, you will forfeit your share of the Net Settlement Amount. We have not included a claim form in your notice because Current Participants do not need to submit a claim form. However, if you believe you are a Former Participant, a claim form may be obtained by accessing UPenn403BSettlement.com. |
| **YOU CAN OBJECT (NO LATER THAN SEPTEMBER 27, 2021)** | If you wish to object to any part of the Settlement, you may (as discussed below) write to the Court and counsel about why you object to the Settlement. The Court has authorized the parties to seek information through discovery from any person who files an objection, which means you could be required to produce documents and appear at a deposition to be interviewed and asked questions. |
| **YOU CAN ATTEND A HEARING ON OCTOBER 27, 2021** | If you submit a written objection to the Settlement to the Court and counsel before the deadline, you may attend the hearing about the Settlement and present your objections to the Court. You may attend the hearing even if you do not file a written objection, but you will not be permitted to address the Court at the hearing if you do not notify the Court and counsel by September 27, 2021 of your intention to appear at the hearing. |

**The Class Action**

The case is called *Sweda et al. v. University of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.) (the "Class Action"). The Court supervising the case is the United States District Court for the Eastern District of Pennsylvania. The individuals who brought this suit are called Class Representatives, and the entities they sued are called the Defendants. The Class Representatives are current and former participants in the Plans. The Defendants are the University of Pennsylvania and certain affiliates and individuals. The Class Representatives' claims are described below, and additional information about them is available at UPenn403BSettlement.com.

**The Settlement**

The Settlement was reached on January 13, 2021. Class Counsel filed this action on August 10, 2016. Since the filing of the case and for a period of over three years, the parties engaged in substantial litigation. Class Counsel devoted substantial time and effort to review and analyze tens of thousands of pages of documents produced by Defendants and hundreds of thousands of pages of other documents to support their underlying claims. The Settling Parties engaged in substantial settlement discussions without a mediator. Only after extensive arm's-length negotiations were the Settling Parties able to agree to the terms of the Settlement.

Under the Settlement, a Qualified Settlement Fund of $13,000,000 will be established to resolve the Class Action. The Net Settlement Amount is $13,000,000 minus any Administrative Expenses, taxes, tax expenses, Court-approved Attorneys' Fees and Costs, Class Representatives' Compensation, and other approved expenses of the litigation.

The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court. Class Members fall into two categories: Current Participants and Former Participants. Allocations to Current Participants who are entitled to a distribution under the Plan of Allocation will be made into their existing accounts in the Plan(s). Former Participants who are entitled to a distribution will receive their distribution as a check mailed to their last known address or, if they elect, as a rollover to a qualified retirement account.

Exhibit 4

**Additional Provisions in the Settlement**

In addition to the monetary component, the Settlement contains Defendants' acknowledgement that in or around Spring 2021, the Plans:

 i. will begin utilizing a single recordkeeper for recordkeeping and administrative services and be charged for those services on a fixed-fee (per Plan participant) basis and
 ii. intend to offer an updated investment menu, including investment options offered in the lowest-cost share class available to the Plans.

The Settlement further provides the following additional terms for a Settlement Period of three years from the Settlement Effective Date:

1. In connection with the implementation of the updated investment menu in or around Spring 2021, the Plan fiduciaries will inform Plan participants of their ability to redirect their assets held in any frozen investment options to investment options available in the updated investment menu or brokerage account option.
2. Defendants shall continue to provide annual training to Plan fiduciaries regarding their fiduciary duties under ERISA.
3. To the extent an asset-based fee is used to offset a fixed-fee for recordkeeping and administrative services, any asset-based fee collected in excess of the fixed-fee amount and not used to defray reasonable expenses of administering the Plan shall be rebated back to Plan participants. The Plan shall allocate excess amounts to participants in a manner the Plan fiduciaries determine to be fair, equitable, and appropriate under the circumstances.
4. Within thirty (30) calendar days after the end of each year of the Settlement Period, and within thirty (30) calendar days after the conclusion of the Settlement Period, Defendants will provide Class Counsel with the following information current as of the end of the most recent calendar quarter: a list of the Plan's investment options, the fees for those investment alternatives, and a copy of the Investment Policy Statement(s) (if any) for the Plan.
5. Before the expiration of the Settlement Period, Defendants or their consultant shall initiate a request for proposal ("RFP") for recordkeeping and administrative services.  Within sixty (60) days after the conclusion of the RFP, Defendants shall notify Class Counsel that they have fulfilled this obligation.
6. Defendants agree to instruct the current recordkeeper of the Plan in writing within ninety (90) calendar days of the Settlement Effective Date that, in performing previously agreed-upon recordkeeping services with respect to the Plan, the recordkeeper must not use information received as a result of providing services to the Plan and/or the Plan's participants to solicit the Plan's current participants for the purpose of cross-selling non-Plan products and services, including, but not limited to, Individual Retirement Accounts ("IRAs"), non-Plan managed account services, life or disability insurance, investment products, and wealth management services, unless in response to a request by a Plan participant. In the event Defendants enter into a new recordkeeping agreement with an existing recordkeeper or a new recordkeeper during the Settlement Period, Defendants agree that any resulting contract shall include a provision restricting the recordkeeper from using information received as a result of providing services to the Plan and/or the Plan's participants for the purpose of soliciting the Plan's current participants for the purpose of cross-selling non-Plan products and services, unless in response to a request by a Plan participant.

**Release**

All Class Members and anyone making a claim on their behalf will fully release the Plan as well as all Defendants and other "Released Parties" from "Released Claims."  The Released Parties include (a) The University of Pennsylvania, the Investment Committee, Jack Heuer; (b) their insurers, co-insurers, and reinsurers; (c) their past, present, and future parent corporation(s);(d) their past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assign; (e) their past, present, and future agents, officers, employees, trustees, boards of trustees, members of their board of trustees, independent contractors, representatives, attorneys, administrators, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries (with the exception of the Independent Fiduciary), employee benefit plan administrators, service providers to the Plans (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them; and (f) the Plans and the Plans' fiduciaries, administrators, plan administrators, recordkeepers, service providers, consultants, and parties-in-interest.

The Released Claims include all claims that were asserted or might have been asserted in the Class Action;  and all claims relating to the implementation of the Settlement.

This is only a summary of the Released Claims and not a binding description of the Released Claims. The actual governing release is found within the Settlement Agreement at UPenn403BSettlement.com. Generally, the release means that Class Members will not have the right to sue the Defendants, the Plans, or the Released Parties for conduct arising out of or relating to the allegations in the Class Action.

This is only a summary of the Settlement. The entire Settlement Agreement is at www.UPenn403BSettlement.com.

**Statement of Attorneys' Fees and Costs Sought in the Class Action**

Since mid-2016, Class Counsel has devoted many hours investigating potential claims, bringing this case and handling it. Class Counsel reviewed thousands of pages of documents produced in this case and, prior to filing this action, analyzed thousands of pages of publicly filed documents, including those filed with the Department of Labor, to support their claims. Class Counsel took the entire risk of litigation and has not been paid for any of their time or for any of their costs incurred in bringing this action. Class Counsel has also agreed: (1) to undertake the additional risk of paying half of the costs of the settlement process if the Settlement is not approved; (2) to monitor for three years compliance with the Settlement Agreement; (3) to enforce the Settlement Agreement in accordance with its terms; and (4) to do (1)-(3) without additional pay.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of fees (not including costs) that Class Counsel will request will not exceed one-third of the Settlement Amount, $4,333,333, in addition to no more than $410,000 in litigation costs. Class Counsel will not seek to receive any interest earned by the Qualified Settlement Fund, which will be added to the amount received by the Class. Any Attorneys' Fees and Costs awarded by the Court to Class Counsel will be paid from the Qualified Settlement Fund and must be approved by the Court.

Exhibit 4

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each, for six Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and providing information for the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.UPenn403BSettlement.com.

### 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because the Plans' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2. What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, the Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to its management, operation and administration of the Plan, including allowing excessive fees and imprudent investments in the Plan.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible. Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA, and in the best interests of the Plans' participants, including by monitoring, reviewing, and evaluating the Plans' investment options, by monitoring, reviewing, and evaluating the administrative fees paid by the Plans, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plans to ensure that the Plans paid reasonable fees for the services provided.

### 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

### 4. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper(s), or, if on January 14, 2021, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1. 1. The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;
   2. All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;
   3. An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);
   4. For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;
   5. Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at UPenn403BSettlement.com.

There are approximately 20,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive payment by check if and to

As is customary in class action cases, in which the Class Representatives have spent time and effort on the litigation, Class Counsel also will ask the Court to approve payments, not to exceed $25,000 each, for six Class Representatives who took on the risk of litigation, devoted considerable time, and committed to spend the time necessary to bring the case to conclusion. Their activities also included assisting in the factual investigation of the case by Class Counsel and providing information for the case. Any Class Representatives' Compensation awarded by the Court will be paid from the Qualified Settlement Fund.

A full application for Attorneys' Fees and Costs and for Class Representatives' Compensation will be filed with the Court and made available on the Settlement Website, www.UPenn403BSettlement.com.

### 1. Why Did I Receive This Settlement Notice?

The Court caused this Settlement Notice to be sent to you because the Plans' records indicate that you may be a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals, if any, are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

### 2. What Is The Class Action About?

In the Class Action, Class Representatives claim that, during the Class Period, the Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, *et seq.*, with respect to its management, operation and administration of the Plan, including allowing excessive fees and imprudent investments in the Plan.

Defendants have denied and continue to deny the claims and contentions of the Class Representatives, that they are liable at all to the Class, and that the Class or the Plans have suffered any harm or damage for which Defendants could or should be held responsible. Defendants contend that they acted prudently and in keeping with their fiduciary responsibilities under ERISA, and in the best interests of the Plans' participants, including by monitoring, reviewing, and evaluating the Plans' investment options, by monitoring, reviewing, and evaluating the administrative fees paid by the Plans, by eliminating or adding investment options when appropriate, and by negotiating fees for administrative services for the Plans to ensure that the Plans paid reasonable fees for the services provided.

### 3. Why Is There A Settlement?

The Court has not reached a final decision as to the Class Representatives' claims. Instead, the Class Representatives and Defendants have agreed to the Settlement. The Settlement is the product of extensive negotiations between Class Counsel and Defendants' counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representatives and Class Counsel, who are highly experienced in this kind of matter, believe that the Settlement is best for all Class Members.

### 4. How Much Will My Distribution Be?

The amount, if any, that will be allocated to you will be based upon records maintained by the Plan's recordkeeper(s), or, if on January 14, 2021, you either no longer had a Plan account or had a Plan account with no money in it, based upon your Former Participant Claim Form. Calculations regarding the individual distributions will be performed by the Settlement Administrator, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To be eligible for a distribution from the Net Settlement Amount, you must either be a (1) "Current Participant" as defined on page 1, or (2) an "Authorized Former Participant" (a "Former Participant" as defined on page 1 who submitted a completed, satisfactory Former Participant Claim Form that is postmarked by the deadline), or (3) a beneficiary, alternate payee, or attorney-in-fact of persons identified in (1) or (2).

The Plan of Allocation will allocate the Net Settlement Fund among Current and Authorized Former Participants as follows:

1. 1. The end-of-quarter balances for the Class Period of each Current Participant and each Authorized Former Participant are identified for each quarter;
   2. All end-of-quarter balances identified in step 1 are summed together for each Current Participant and each Authorized Former Participant;
   3. An average end-of-quarter balance for each Current Participant and each Authorized Former Participant is calculated for the Class Period (with a zero included as the balance for any quarter during which the individual did not participate in the Plan);
   4. For each Current Participant and each Authorized Former Participant, the average end-of-quarter balance of step 3 is divided by the average end-of-quarter balance for the Class Period of all Current and Authorized Former Participants;
   5. Each Current Participant and each Authorized Former Participant will receive the fraction of the total Net Settlement Amount which is calculated in step 4.

No amount shall be distributed to a Class Member that is ten dollars ($10.00) or less, because such an amount is de minimis and would cost more in processing than its value. The method of making these calculations is described in the Plan of Allocation, found in Article 6 of the Settlement Agreement and available at UPenn403BSettlement.com.

There are approximately 20,000 Class Members.

Note that if you are an alternate payee pursuant to a Qualified Domestic Relations Order, you will receive payment by check if and to

Exhibit 4

the extent you are entitled to receive a portion of a Current Participant's or Authorized Former Participant's allocation under the Settlement Agreement in accordance with the plan of allocation as if you are a Current Participant or Authorized Former Participant.

### 5. How Can I Receive My Distribution?

Whether you need to submit a claim form to receive your distribution depends on whether you are considered a "Current Participant" or a "Former Participant." **According to the Plan's records, you are a Current Participant. Therefore, if this is correct, you do not need to do anything to receive your share of the Settlement.**

### 6. When Will I Receive My Distribution?

The timing of the distribution of the Net Settlement Amount depends on several matters, including the Court's final approval of the Settlement and that approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur in early to mid-year 2022.

**There Will Be No Payments Under The Settlement If The Settlement Agreement Is Terminated.**

### 7. Can I Get Out Of The Settlement?

No. The Class was certified under Federal Rule of Civil Procedure 23(b)(1). Therefore, as a Class Member, you are bound by any judgments or orders that are entered in the Class Action for all claims that were asserted in the Class Action or are otherwise included as Released Claims under the Settlement.

### 8. Do I Have A Lawyer In The Case?

The Court has appointed the law firm Schlichter, Bogard & Denton, in St. Louis, Missouri, as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 9. How Will The Lawyers Be Paid?

Class Counsel will file a petition for the award of Attorneys' Fees and Costs. This petition will be considered at the Fairness Hearing. Class Counsel has agreed to limit their application for an award of Attorneys' Fees and Costs to not more than $4,333,333 in fees and $410,000 in costs and Class Counsel will also monitor compliance with the Settlement for three years without charge and has committed to bring an enforcement action, if needed, to enforce the Settlement, also with no charge. The Court will determine what fees and costs will be approved.

### 10. How Do I Tell The Court If I Don't Like The Settlement?

If you are a Class Member, you can tell the Court that you do not agree with the Settlement or some part of it. To object, you must send the Court a written statement that you object to the Settlement in *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and a full explanation of why you object to the Settlement. Your written objection must be received by the Court no later than September 27, 2021. The Court's address is Clerk of the Court, United States District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106. Your written objection also must be mailed to the lawyers listed below, **no later than September 27, 2021.** Please note that the Court's Order Granting Preliminary Approval of this Settlement provides that any party to the litigation may, but is not required to, serve discovery requests, including requests for documents and notice of deposition not to exceed two hours in length, on any objector. Any responses to discovery, or any depositions, must be completed within ten days of the request being served on the objector.

| Class Counsel | Defendants' Counsel |
|---|---|
| SCHLICHTER, BOGARD & DENTON<br>Attn: Univ. of Pennsylvania 403(b) Settlement<br>100 S. Fourth St., Suite 1200<br>St. Louis, MO 63102<br>UPenn403bSettlement@uselaws.com | MORGAN, LEWIS & BOCKIUS LLP<br>Attn: Christopher Boran<br>77 W. Wacker Dr.<br>Chicago, IL 60601-5094<br>(Christopher.Boran@morganlewis.com) |

### 11. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at 10:00 a.m. on October 27, 2021, at the United States District Court for the Eastern District of Pennsylvania, Courtroom 10-B, 601 Market Street, Philadelphia, PA 19106.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to give its final approval to the Settlement. The Court also will consider the petition for Class Counsel's Attorneys' Fees and Costs and any Class Representatives' Compensation.

### 12. Do I Have To Attend The Fairness Hearing?

Exhibit 4

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it when the Court considers whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but such attendance is not necessary.

### 13. May I Speak At The Fairness Hearing?

If you are a Class Member, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing in *Sweda et al. v. Univ. of Pennsylvania et al.*, No. 16-cv-4329 (E.D. Pa.)." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be mailed to the attorneys and filed with the Clerk of the Court, at the addresses listed in the Answer to Question No. 10, **no later than September 27, 2021.**

### 14. What Happens If I Do Nothing At All?

If you are a "Current Participant" as defined on page 1, and do nothing, you will participate in the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is approved. According to the Plans' records, you are a Current Participant.

If you are a "Former Participant" as defined on page 1, and you do nothing, you will be bound by the Settlement of the Class Action as described above in this Settlement Notice if the Settlement is finally approved, **BUT YOU WILL NOT RECEIVE ANY MONEY UNLESS YOU SUBMIT A FORMER PARTICIPANT CLAIM FORM.**

### 15. How Do I Get More Information?

If you have general questions regarding the Settlement, you can visit this website: www.UPenn403BSettlement.com, call 1-855-516-9339, or write to the Settlement Administrator at:

Sweda v. University of Pennsylvania
c/o Angeion Group
1650 Arch Street, Suite 2210
Philadelphia, PA 19103
Info@UPenn403bsettlementclaim.com

**Unsubscribe**

Exhibit 4