September 16, 2021

Judge Gene E.K. Pratter
Courtroom 10B
United States District Court
601 Market St
Philadelphia PA. 19106

Re:  Sweda et al. v Univ of Pennsylvania et al. No. 16-cv-4329 (E.D. Pa)


I object to the proposed settlement in the named cause with regard to the monetary

awards proposed for named plaintiffs and the fees charged by plaintiffs' counsel.


1.      *Compensation to Class Representatives (named Plaintiffs)*

Several arguments in the Settlement underlie the claim for a $25,000  award per named

representative.  First, the contention that the 6 representatives risk reputations and alienation

from employers or peers is not supported by any evidence.   There is also no record that those

who have left employment at Penn did so because of the being named plaintiffs.  If there is

evidence in other similar settlements negotiated by plaintiffs' counsel of risk and alienation in

similar actions, then the named plaintiffs should present that evidence.   As it stands, the

justification is no more than an incantation of hypothetical harm.

Second, the justification that the named individuals "devoted considerable time, and

committed to spend the time necessary to bring this case to conclusion" is also not supported.

Where is the time accounting for these individuals?  What are their hourly fees for time spent?

Are these hourly fees fair?  Are the fees consistent with the skills required by these tasks?

Exhibit 5

Why not $10,000 as awarded in similar actions? Or $1000?  Why not their opportunity hourly compensation?   Why single out 6 employees of Univ of Pennsylvania class in this action when many other Penn employees routinely donate their time and effort, with ample skills and experience, on University committees that deal with all aspects of employment, benefits, and compensation?  Employees regularly advise on insurance benefits, free educational opportunities, hiring practices, discrimination,  paid leave, child care facilities, maternity leave, and even parking benefits.   Those employees work without compensation in support of their colleagues with a common goal of improving the welfare of all.   The sacrifices are obvious – time spent at meetings equates to time away from family and leisure activities.   Financial incentives are absent and not needed, because individual employees who care about their colleagues and the common goals of the institution do not need financial incentives.

Nor is there any record that these named individual in the Class possess any special skills that support this Settlement.   Without documentation of time spent to benefit the entire class, the Court should not approve the recommended $25,000 awards.   This amount smells like a bounty for landing another case for the Schlichter firm's ERISA portfolio. The Court should award at most fair hourly compensation for documented time spent.

2.    *Compensation to legal counsel*

In support of proposed fees of 1/3 of the settlement, plaintiffs' counsel makes several justifications.  Counsel contends that 1/3 is the "market" fee for these actions, and that hourly fees and time spent in the action justify the 1/3 fraction.

Counsel's primary justification for the fee of $4.3 million lies in the "market" value for legal counsel, or stated alternatively, the conventions for compensation in these actions, given

2

Exhibit 5

the inherent risks in bringing such cases, and the inconsistent success across Federal

jurisdictions and against similar universities.   No observer of even modest level of experience

will be surprised that counsel is requesting 1/3 of the settlement plus expenses.  That fraction is

the requested fee because that fraction is now, and has always been, the fee of law firms that

take actions on a contingency basis.   Regardless of the contract signed by named plaintiffs in

this action, the Court should protect the interests of the entire class, which according to the

allegations in the original complaint have been charged excessive fees for financial services on

retirement plans.   Are the members of the class now to be doubly injured by excessive legal

fees on top of financial fees?

     We all know that plaintiffs' counsel has filed similar if not identical actions against

several non-for-profit universities:   Penn, Columbia, Vanderbilt, Duke, and Emory (at the very

least).  In these actions, Penn included, counsel has recovered or seeks to recover settlements

of $67.9 million, and expects to charge (in additional to expenses) 1/3 of each settlement for a

total of $22.6 million.   These actions are overlapping in terms of the nature of the complaints

and the supporting facts.   To this observer, the requested fees represent not fair compensation

for legal services to the individuals across these classes of university employees, but rather

adherence to traditions in the law business to collect repeatedly for the same cause of action

against multiple defendants.

     As in other similar actions, counsel then justifies the 1/3 share by multiplying hours

expended by hourly fees that range from $350 per hour for paralegals to over $1100 for senior

attorneys.   Such hourly fees are breathtaking when compared to the hourly costs of even

senior faculty at the University of Pennsylvania, even including the charges for fringe benefits

Exhibit 5

and University overhead.   For example, a senior faculty member supported by Federal research

grants works under an annual salary cap of $200,000.   (Also, approximately the current salary

level of Federal District Court Judges).   Together with fringe benefits of approximately 30% and

allowed Federal indirect cost (overhead) rates of 62.5%, the annual cost totals approximately

$425,000.   But the typical (and expected) work week is 60 hours for those faculty, or about

3000 hours per year.   The hourly cost equals $145, or less than ½ of the lowest billing rate (for

paralegals) and less than 1/7 th of the fee charged by senior counsel.     Our compensation is

also not guaranteed.     If we do not cover our salaries, we must find other opportunities.

Statements in counsel's motion about the skills and experience of counsel implicitly

demean the qualifications of the members of the class, who earn far less, and often in equally

risky circumstances.   The Court should take notice of the fact that University of Pennsylvania

employees perform research services that benefit many:  in Philadelphia, in Pennsylvania, and

across the US and the world.   These are efforts that we undertake because of the obligation of

our professions.    We are paid for what we do and not for external benefits that our efforts

happen to bring down the road.

If anything, the fees sought here by legal counsel reflect the excessive costs of legal

services in this country rather than the fairness of those fees.   Regardless of the contract

signed by named plaintiffs in this action, the Court should protect the interests of the entire

class, which according to the allegations in the original complaint have been charged excess

fees for financial services on retirement plans.   Are the members of the class now to be doubly

injured by excessive legal fees on top of financial fees?    If the substance of the allegation in

*Sweda* rests on the breach of a fiduciary duty on the part of plan administrators, then the

Exhibit 5

substance of my objection is the breach of professional duty to charge fairly for work in this action.

I object to the proposed settlement with regard to the proposed awards to named plaintiffs and compensation to counsel.

Respectfully Submitted by:



A.  Russell Localio, PhD
Division of Biostatistics
Department of Biostatistics, Epidemiology and Informatics
Perelman School of Medicine
University of Pennsylvania

Home:

Cc:  Schlichter, Bogard & Denton
Morgan, Lewis & Bockius LLP

Exhibit 5