# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JENNIFER SWEDA** *et al.*, | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **THE UNIVERSITY** | : | |
| **OF PENNSYLVANIA** *et al.*, | : | No. 16-4329 |
| *Defendants* | : | |

## ORDER

**AND NOW**, this 14th day of December, 2021, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of the Class Action Settlement (Doc. No. 108) and any responses thereto, Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (Doc. No. 107) and any responses thereto, the Settlement Agreement dated January 13, 2021 (Doc. No. 95-2), and this Court's June 29, 2021 Memorandum and Order granting settlement class certification and preliminary approval of the class settlement (Doc. Nos. 102 & 103), as well as an October 29, 2021 fairness hearing and supplemental status reports from the Plaintiffs (Doc. Nos. 113 & 115), for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** as follows:

**Final Settlement Approval**

1. Plaintiffs' unopposed Motion for Final Approval of the Class Action Settlement (Doc. No. 108) is **GRANTED**;

2. This Final Order incorporates the Settlement Agreement and the Preliminary Approval Order. The terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order;

3. Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Settlement Class;

1

4. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely distributed by electronic or first-class mail to all Class Members who could be identified with reasonable effort, and Settlement Notice was published on the Settlement Website maintained by Class Counsel;

5. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2), any other applicable law, and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto;

6. The Court held a Fairness Hearing on October 29, 2021, and did not receive any formal objections to the settlement;

7. Due and adequate notice of the Fairness Hearing having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Order and the Final Judgment;

8. The Court finds that the Settlement resulted from extensive arms-length, good faith negotiations between Plaintiffs and Defendants, through experienced counsel;

9. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is reasonable and adequate, and in the best interest of the Settlement Class;

10. The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), for the reasons described in the accompanying Memorandum;

11. Each and every informal objection to the Settlement is overruled with prejudice;

12. The Court approves the Parties' plan to distribute the Class Settlement Fund as set forth in the Settlement Agreement;

13. As provided for in Paragraph 4.1.4 of the Settlement Agreement, as of the Effective Date, the Plans, the Class Representatives, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from the Released Claims, regardless of whether or not such Class Member receives a monetary benefit from the Settlement, executed and delivered a Former Participant Claim Form, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed;

14. The Class Representatives, the Class Members, and the Plans acting individually or together, or in combination with others, are hereby barred from suing or seeking to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration, or a proceeding before any state insurance or other department or commission), any cause of action, demand, or claim on the basis of, connected with, or arising out of any of the Released Claims. Nothing herein shall preclude any action to enforce the terms of the Settlement Agreement in accordance with the procedures set forth in the Settlement Agreement;

15. The Class Counsel, the Class Representatives, the Class Members, or the Plans may hereafter discover facts in addition to or different from those that they know or believe to

be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with the Defendants and the other Released Parties, or the decision to release, relinquish, waive, and discharge the Released Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Representative, Class Member, and the Plans have hereby fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims;

16. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains jurisdiction over the Parties and each Settlement Class Member (including objectors) regarding the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator;

17. The Parties are hereby directed to implement and consummate the Settlement, as set forth in the terms and provisions of the Settlement Agreement;

18. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant;

19. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion;

20. Within three (3) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment;

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement;

22. Within the timeframe contemplated by the Settlement Agreement, Penn shall make a deposit into the Qualified Settlement Fund as provided for in Paragraph 5.5;

23. Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Final Order;

24. This Action is hereby **DISMISSED** with prejudice without costs to any party, except as otherwise provided herein or in the Settlement Agreement;

**Attorneys' Fees, Litigation Expenses, and Class Representative Awards**

25. Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards (Doc. No. 107) is **GRANTED**;

26. Schlichter Bogard & Denton LLP, as Plaintiffs' Class Counsel, and pursuant to the Settlement Agreement, are hereby awarded attorneys' fees in the amount of $4,333,333, and costs in the amount of $369,857, to be paid from the Settlement Fund in accordance with the Settlement Agreement;

27. Plaintiffs Jennifer Sweda, Benjamin A. Wiggins, Robert L. Young, Faith Pickering, Pushkar Sohoni, and Rebecca N. Toner are each hereby awarded a service award in the amount of $25,000.00, to be paid from the Settlement Fund in accordance with the Settlement Agreement;

28. The Clerk of the Court is hereby directed to mark this case as **CLOSED**.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE